STRAFFORD.

---

FIRST NATIONAL BANK OF GONIC *v.* FERGUSON.

Where instructions given a jury are correct, a verdict will not be set aside because they are not so specific as they might properly have been, when no request was made for more definite instructions.
All exceptions to the charge of the judge will be considered as waived, unless taken and reduced to writing before the jury retire.

ASSUMPSIT, on a promissory note.   Verdict for the defendant.   The defendant requested the court to instruct the jury that if the note was not the property of the plaintiffs, but was left at the bank for collection, the plaintiffs could not recover,—claiming that the plaintiffs'

books contained entries tending to show that the note was so left. The presiding judge told the jury that he was not aware that there was any such evidence, but if there was, it was contained in the plaintiffs' books used on the trial, which they could examine, and satisfy themselves how this was; and if they should find that the note was left for collection merely, the plaintiffs could not recover to any greater extent than the original payee could. To these instructions the plaintiffs excepted. To what extent the original payee could recover had been previously explained to the jury. The plaintiffs moved to set aside the verdict, and for a new trial, because the instructions excepted to "must have misled the jury, and caused them to think the court understood the note was left for collection."

*Hobbs* (with whom was *Sanborn*), for the plaintiffs, argued that the court should have added to the instructions given, the following, in effect: That if, before the note was due, the plaintiffs gave up to the original payee and indorser of this note a certain note which they had previously discounted and advanced money upon, and received in exchange the note in suit, so that, in fact, the bank, before this note was due, became the holder and owner of the note in suit, without notice of any equity, the plaintiffs must recover.

*Copeland & Edgerly* and *Worcester & Gafney*, for the defendant.

FOSTER, J. The plaintiffs cannot complain that the presiding judge told the jury he was not aware that there was any evidence for the defendant on a certain question. The instructions, which they now suggest in argument should have been given, would perhaps have been given if a request therefor had been made. The exception comes too late. 54th Rule of Court; *Cooper* v. *Grand Trunk Railway*, 49 N. H. 209, 213; *State* v. *Gorham*, 55 N. H. 152.

Where instructions given a jury are correct, a verdict will not be set aside because they are not as specific as they might properly have been, when no request was made for more definite instructions. *Moore* v. *Ross*, 11 N. H. 557; *Kent* v. *Tyson*, 20 N. H. 121, 126, 127; *Wright* v. *Boynton*, 37 N. H. 9, 22, 23; *Hooksett* v. *Amoskeag Co.*, 44 N. H. 105; *Conway* v. *Jefferson*, 46 N. H. 521, 522.

And when the general principles of law applicable to a case are given to the jury, it is not always necessary or proper to give particular instructions applying the law to a part of the case; for thereby special emphasis and importance may sometimes seem to be attached to certain evidence of one side, to the prejudice of the other side.

*Judgment on the verdict.*