## STATE *v.* BOSTON & MAINE RAILROAD.

Section 14 of chapter 264, Gen. St., does not make a distinction between negligence and gross negligence, and does not require less than reasonable care in railroad proprietors, nor more than reasonable care in their servants.

In an indictment under that statute, the fact that the defendants were running their train in violation of Gen. St., *c.* 148, *s.* 4, when the deceased was killed, is competent evidence.

If the fine in such a case is for the benefit of minor children, it will be in season if a guardian be appointed when the fine is imposed.

INDICTMENT, under Gen. St., *c.* 264, *s.* 14. Subject to the defend

ants' exception, the court charged that within this statute the directors and the general superintendent of the road were its proprietors, and the persons having charge of the running of the trains were its servants or agents.

The deceased was killed when passing the defendants' road, on a highway crossing, in or near the compact part of a town, by the defendants' train, while running in violation of Gen. St., *c.* 148, *s.* 4, as amended by Laws of 1868, *c.* 148, *s.* 42.

The court declined to charge that the statute and its violation had no application to the case, but charged that if the defendants were running the train in violation of the statute, it was a fact that the jury might consider, in connection with all the circumstances in the case, upon the question of liability; and the defendants excepted.

The deceased left two minor children, who were entitled to any fine that might be imposed, and no guardian had been appointed. Neither the attorney-general nor the solicitor took part in the trial. Verdict for the state. Motion for a new trial.

*Copeland* and *Edgerly,* for the state.

*Hatch,* for the defendants.

BINGHAM, J. The question whether there is error in the instruction that the directors and superintendent were the proprietors is immaterial, because section 14 requires the same degree of care in the proprietors and their servants.

The substance of this section was first enacted in the laws of 1850, *c.* 953, *s.* 7. The word negligence, as used in this section, means carelessness, and substituting the word carelessness for negligence demonstrates that the act of 1850 made the proprietors of a railroad liable for their carelessness, and for the unfitness and carelessness of their servants, and that it was no part of the purpose of the legislature to recognize the nice and somewhat undefined degrees of the Roman law as to negligence, as between the acts of the proprietors and those of their servants.

The change made in the General Statutes is only verbal. Comrs. Report, 1867, p. 705, *s.* 15. And section 14 must be held to have the same meaning as the original act. *Crowell* v. *Clough,* 23 N. H. 210; *Theriat* v. *Hart,* 2 Hill 380. It is true that this section received a different construction in *State* v. *M. & L. R. R.,* 52 N. H. 528; but we think that the view there stated should be modified.

Gen. St., *c.* 148, *s.* 4, as amended in Laws of 1868, *c.* 1, *s.* 42, provide that the proprietors of a railroad shall not run their engines, cars, or trains at a greater speed than six miles an hour across any highway in or near the compact part of any town. The defendants are indicted under Gen. St., *c.* 264, *s.* 14, for the carelessness of their proprietors and servants in killing the deceased on such a crossing. The question is, whether the fact that the train was running in violation of

the statute may be received as evidence. The defendants claim that the statute is a penal one, and involves no consequences except a liability for the penalty, and therefore should not be considered. *Brown* v. *Railroad*, 22 N. Y. 191; *Heeney* v. *Sprague*, 11 R. I. 456; S. C. 23 Am. R. 502. The defendants claim that the statute is prohibitory; that the acts prohibited are of public concern; that it provides no penalty for its violation; and that its violation is liable to indictment for the public wrong, and to an individual injured in an action. Potter's Dwarris on St. 161; *Couch* v. *Steel*, 3 E. & B. 402, 411; *Hall* v. *Brown*, 54 N. H. 495.

We do not decide as to the correctness of these positions, except as the view we take of the question affects them. It might be reasonable care for the parties to act upon the belief that each was aware of the law; for the deceased to act upon the belief that the defendants were aware of it and would obey it; and it might be negligence for the defendants not to act upon the probability that the deceased would act upon a belief that they were aware of the law, and would obey it. Upon this view of the law, the evidence was admissible. Whether the law is more favorable than that for the plaintiff, it is not necessary in this case to inquire. Upon the view the most favorable that can be taken for the defendants, the evidence was admissible, and proper to be considered on the question of the defendants' liability. *Blamires* v. *Railroad*, L. R. 8 Exch. 283; *Lane* v. *Atlantic Works*, 111 Mass. 136, 140; *Wright* v. *Railroad*, 4 Allen 283; *Wakefield* v. *Railroad*, 37 Vt. 333, 335; *Norris* v. *Litchfield*, 35 N. H. 271; Sherman & Redfield on Neg., s. 484, 13 *a*; *Underhill* v. *Manchester*, 45 N. H. 214; *Brooks* v. *Hart*, 14 N. H. 307; *Garland* v. *Towne*, 55 N. H. 55; *Smith* v. *Eastern Railroad*, 35 N. H. 356; Note 24 Am. R. 26; *Schultz* v. *Railroad*, 44 Wis. 638, 643; *McGrath* v. *Railroad*, 63 N. Y. 522; *Massoth* v. *Railroad*, 64 N. Y. 524.

There was no occasion for a guardian till a fine was imposed.

*Exceptions overruled.*