### CLARK v. BOSTON & MAINE RAILROAD.

The plaintiff's horse escaped into the highway and was killed upon a crossing by the defendants' train run in a careless and negligent manner. The plaintiff was in no fault for the escape of his horse, and used reasonable diligence to retake him. *Held,* that he might recover for the loss.

The running by a railroad company of their train over a crossing at an unlawful rate of speed is evidence from which a jury may find negligence.

The statute (G. L., c. 162, s. 4) prohibiting the running of railroad trains at a greater rate of speed than six miles an hour across a highway in or near the compact part of a town is applicable to railroads which extend into an adjoining state as well as to those which are wholly within the state.

CASE, for negligently killing the plaintiff's horse on a highway railroad crossing. The plaintiff's evidence tended to show that he exchanged horses at Newmarket village, August 28, 1885, and reached home at Newmarket Junction a little before nine o'clock in the evening, drove into his barn, and unharnessed his horse; that the horse escaped from him while he was reaching for the halter, and ran out of the barn into the highway towards his former home, two miles distant; that his servant immediately took another horse and started in pursuit; that the defendants' express train, some thirty-five minutes late, passed going east and crossed the highway leading from the junction on the crossing at the westerly side of Newmarket village, within its compact part, at a speed of thirty-five or forty miles an hour; that the horse passed on to the crossing just before the engine did, which hit and killed him on the crossing; and that the night was so dark a person could not see a horse over sixty or eighty feet from him. The defendants' evidence tended to show that their servants had no knowledge that the horse was on the crossing or killed till a day or two afterwards.

Subject to the defendants' exception, the court instructed the jury that if they should find that the horse was in the highway, returning to his former home, in the way and manner the plain-

tiff's evidence tended to prove, through no want of ordinary care and prudence on his part, and that he used reasonable diligence in his efforts to retake it after the escape, the horse, as to the defendants, was lawfully in the highway; and if the defendants, by the careless and negligent running of their train, killed it, the plaintiff's want of ordinary care and prudence contributing to the injury in no degree, the plaintiff could recover.

Subject to the defendants' exception, the court declined to instruct the jury that the statute prohibiting the running of trains at a greater rate of speed than six miles an hour does not apply to interstate railroads that run their trains through this state. Verdict for the plaintiff.

*J. A. Edgerly* and *J. S. H. Frink*, for the defendants.

*J. W. Towle* and *Dodge & Caverly*, for the plaintiff.

SMITH, J.   The instructions were sufficiently favorable to the defendants.   Under them the jury found that without any fault on the part of the plaintiff his horse was killed by the defendants' careless and negligent management of their train.   *State* v. *Manchester & Lawrence Railroad*, 52 N. H. 528, 555; *Gale* v. *Lisbon*, 52 N. H. 174; *Norris* v. *Litchfield*, 35 N. H. 271; *Corey* v. *Bath*, 35 N. H. 531.

The fact that the speed of the train was greater than that allowed by the statute (G. L., c. 162, s. 4) is evidence from which the jury might find that the defendants were guilty of negligence. *Nutter* v. *B. & M. R. R.*, 60 N. H. 483.

The statute prohibiting the running of trains at a greater rate of speed than six miles an hour across a highway in or near the compact part of a town (G. L., c. 162, s. 4) is an exercise of the police power of the state for the safety and welfare of its inhabitants, applicable to railroads which extend into an adjoining state as well as to those which are wholly within the state.   *Smith* v. *B. & M. R. R.*, 63 N. H. 25.

*Exceptions overruled.*

BINGHAM, J., did not sit: the others concurred.