DOW v. MERRILL & a., *Ex'rs.*

The election of an executor to testify in a suit in which he is a party is a waiver of his exception to testimony of the other party which had been previously admitted against his objection.

If the executor elects to testify in such a case, the other party is then entitled to testify generally in the case.

A verdict will not be set aside because the judge at the trial omitted to instruct the jury that a letter properly admitted for one purpose could not be considered by them for any other purpose in the case, there having been no request for such specific instruction.

ASSUMPSIT, for labor and services performed for the testator, C. A. Merrill, in his lifetime. Trial by jury. Verdict for the plaintiff. Among the items of the plaintiff's claim was one for keeping and training a colt belonging to the testator. The defendants claimed that the colt, concerning which the charge was made, belonged to the plaintiff himself. Subject to the defendants' exception, the plaintiff was permitted to testify that he did not claim the colt only for the keeping; that he had boarded and taken care of him ever since he was bought, in April, 1880. Abner L. Merrill, one of the executors, subsequently testified in the case, and the plaintiff was then allowed to testify generally to the agreement and understanding he had with the testator with respect to his compensation for services, &c., and the defendants excepted. Against the general objection of the defendants, and subject to exception, a letter written by the plaintiff to the "Executors of C. A. Merrill's will," dated January 13, 1887, was admitted. The letter tended to contradict a portion of the testimony of Abner L. Merrill, but was not admissible for any other purpose. The defendants move to set aside the verdict.

*Marston & Eastman*, for the defendants. The court erred in allowing the plaintiff to testify generally. The case does not show that the executor testified to any transactions to which the deceased, if alive, might have testified, and the fact is, that his testimony was confined to what had transpired between the plaintiff and himself since the death of the testator; and we contend, as a matter of law, that the executor might so testify without thereby opening the door for all the fraud and perjury that may be let in by allowing the living party to testify to matters within the knowledge of himself and the deceased only.

The plaintiff relies upon the authority of *Ballou* v. *Tilton*, 52 N. H. 605, to sustain the position that if the executor testifies at all, then the opposite party may come in with everything and anything he may choose to say.

That case is one of comparatively recent impression, and the court say that the result is unsatisfactory. We submit that the reasons given to support it, if not wholly unsound, are manifestly insufficient.

Section 16 of c. 228, Gen. Laws, provides that neither party shall testify in a cause where the adverse party is an administrator or executor, unless the administrator or executor elects to testify. The rule that statutes are to be interpreted by ascertaining the intention of the law-makers is old and familiar.

The court say, in *Ballou* v. *Tilton*, that the legislature undoubtedly intended to place the parties upon equal grounds, and not to allow the living party to a transaction to be a witness to it when the other party, being dead, cannot testify; but it is said the legislature failed to accomplish its probable design on account of a

defect in the statute, and the plaintiff in his brief congratulates himself upon the fact that the alleged blunder has received both judicial and legislative sanction. We submit, however, that the statute is sufficient to effect the results which the court declare the legislature designed it to accomplish, and that the law has failed thus far because it has not been properly interpreted. "Neither party shall testify when the adverse party is an administrator or an executor." This language is plain, and, if it means anything, the plaintiff cannot testify at all unless the executor first elects to do so. The court, however, have said that the plaintiff may testify to everything except matters concerning which the deceased might testify if living. . That is, he may testify, although the statute says he cannot, and this because the legislature manifestly intended to preclude such parties from testifying only as to matters where the opposite party, if alive, might.

No valid reason can be given for saying that because the executor elects to testify to matters between himself and the living party, and nothing else, then the plaintiff shall be allowed to state fully as to all transactions between himself and the deceased.

The court, in *Ballou* v. *Tilton*, say that the legislature did not intend such a result, but that they failed to express in terms what their intention was. The legislature did say that the plaintiff could not testify at all unless the executor did; but the court have held that he may to a certain extent, because, as a matter of common sense, the legislature must have so intended. For a stronger reason, we submit that it could not have been intended to let the plaintiff testify to matters between himself and the executor, and then, because the executor takes the stand to contradict him, allow the plaintiff to come in and testify to transactions between himself and the deceased, concerning which neither the executor nor anybody else, outside of the plaintiff, knows. On the one hand, we allow a party to testify when the statute says he shall not, because it is the manifest intention that he should; and on the other, we say that he shall not, although it was intended he should, because the statute does not in terms so declare.

To put the parties upon an equal footing, the executor must be allowed to contradict the plaintiff respecting transactions between themselves; but to allow the plaintiff to testify to everything because the executor does contradict him is manifest injustice. To say that a statute is broad enough to allow a party to testify to a certain extent when it in terms declares he shall not testify at all, and in the next breath to declare that another party must be precluded from testifying to a certain other extent because the letter of the law does not give the right, although its spirit and intention manifestly do, is both inconsistent and unreasonable.

*Thomas Leavitt* and *Frink & Batchelder*, for the plaintiff.

BLODGETT, J. 1. The election of the executor to testify was a waiver of the defendants' exception to the competency of the plaintiff's precedent testimony (*Eastman* v. *Amoskeag Co.*, 44 N H. 143), and also empowered him to testify generally in the cause as a matter of right. "Where an executor, being a party to a suit, has elected to testify in the cause, the court has no discretionary power to reject the proffered testimony of the adverse party, even though it relate to conversations between himself and the testator of which the executor has no knowledge, and which he could have no means of contradicting or explaining." *Ballou* v. *Tilton*, 52 N. H. 605. The grounds of this decision are, that the statute (Gen. St., *c.* 209, *s.* 16) says, in unambiguous language, that if an executor or administrator, being a party, elects to testify, the adverse party may testify, and that the discretion conferred upon the court by section 17 is limited to the admission and not to the exclusion of the testimony of the survivor; therefore the conclusion is, that whenever the executor or administrator elects to testify for any purpose or to any extent whatever, the adverse party may then testify generally and without restriction. The correctness of this view, so far as the matter of discretion is involved, must be conceded; but the conclusion arrived at is not free from doubt, inasmuch as it plainly defeats the purpose of the statute, and manifestly works injustice and oppression. It is now, however, too late to reconsider the question of the correctness of this interpretation, because, after calling attention to the design of the statute to put parties upon equal footing, and the obvious injustice of allowing the survivor to testify concerning the matter in dispute of which the deceased had knowledge, and thus to give evidence which the other party, being dead, could not contradict or explain simply because the executor has elected to testify upon a different and independent branch of the case concerning which the deceased could have had no knowledge, the court suggest legislative relief; but, as more than fifteen years have elapsed without the requisite legislation, the construction adopted in *Ballou* v. *Tilton* must be regarded as having received the legislative approval.

2. Dow's letter was properly admitted to contradict the executor. The objection to its admission taken at the trial was general and not special; and to a general objection to evidence the only question is, whether it is admissible for any purpose. *Wyman* v. *Perkins*, 39 N. H. 218. The defendants do not deny the competency of the letter for the purpose indicated, but they contend that inasmuch as it contained what purported to be a promise by the deceased to pay the plaintiff for his services, the jury should have been instructed that they could consider it only upon the question of the executor's credibility. However well founded this contention may be, it comes too late. No instructions were requested on this point; and if the defendants desired to have the consideration of the letter limited, as they now contend it should

have been, they should have asked the court so to instruct the jury.   *Moore* v. *Ross*, 11 N. H. 547, 557; *Hayward* v. *Bath*, 38 N. H. 183; *State* v. *Flanders*, 38 N. H. 324; *Wyman* v. *Perkins*, *supra; Boyce* v. *Cheshire R. R.*, 43 N. H. 627.

3. Dow being a competent witness as to the ownership of the colt, this exception has of course no validity.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.