EVANS, *Adm'r*, *v.* CONCORD RAILROAD CORPORATION.

In an action against a railroad corporation for causing the death of a traveller at a highway crossing by running upon her with a locomotive and train of cars, the fact that the whistle was not sounded when within eighty rods of the crossing, as required by the statute, is competent evidence upon which the jury may find negligence.

Evidence upon which the jury may find due care on the part of the decedent, in such a case, considered.

CASE, for carelessly causing the death of the plaintiff's intestate by running upon her with a locomotive and train of cars at a high-. way crossing in Epping, April 23, 1888. At the close of the plaintiff's evidence a nonsuit was ordered on motion of the defendants, and the plaintiff excepted. The plaintiff's evidence was reported in full, and appears sufficiently in the opinion of the court.

*Drury & Peaslee*, for the plaintiff.

*Chase & Streeter* and *Marston & Eastman*, for the defendants.

SMITH, J. There was competent evidence for the jury upon the question of due care on the part of the plaintiff's intestate. Her fear of the crossing, her habit of waiting for trains to pass before leaving home, the facts that she had a safe horse, that the train was a special one run near the time of a regular train, that she had her watch with her, that she stopped at the foot of the rise, that the view was to some extent obstructed, that the warning signal was not given as required by statute, and the fact that she regarded the crossing as a place of danger, were facts from which it was competent for the jury to find that she was using ordinary care in looking and listening for the approach of a train. The question is, not how much weight should be given to the evidence, but whether it was sufficient for the jury to find for the plaintiff. *State* v. *M. & L. R. R.*, 52 N. H. 528; *State* v. *B. & M. R. R.*, 58 N. H. 408, 410; *Clark* v. *Railroad*, 64 N. H. 323, 324.

In *Nutter* v. *Railroad*, 60 N. H. 483, 485, it was said,—" The plaintiff's belief in the defendants' knowledge and presumed obedience of the speed law may have been a sufficient excuse for his want of vigilance in not observing the approaching train; and whether or not it was a sufficient excuse is a question of fact, which was properly submitted to the jury." In this case all the evidence shows that the whistle was not sounded until after the whistling-post, fifty-nine and a half rods from the crossing, had been passed. It is argued that it did not matter to Mrs. Evans that the post was located less than eighty rods from the crossing, nor that the engineer did not sound the whistle until he had passed

it, because she had knowledge of the actual location of the post, and of the habitual neglect of the engineers seasonably to sound the whistle, and that "under the circumstances disclosed it would not have been reasonable for her to act upon the belief that the defendants were aware of the law as to whistling, and would obey it." Assuming that she knew the post was located fifty-nine and a half instead of eighty rods from the crossing, and that the statute as to whistling was habitually disregarded, it does not follow that if the law had been observed she would not have escaped the accident. The additional twenty and a half rods the engine would have travelled, if the signal had been seasonably given, might have given her sufficient time to avoid the collision. Besides, it was a question for the jury to decide, whether a traveller of ordinary care ought reasonably to have presumed that the defendants would continue to violate the statute.

That there was evidence from which the jury might find that the defendants failed to exercise due care to avoid injury to a highway traveller at this crossing does not seem to be seriously questioned. From the fact that they failed to sound the whistle when their locomotive approached within eighty rods of the crossing (Laws 1885, c. 98, s. 4), it was competent for the jury to find that they were guilty of negligence.

*Exceptions sustained.*

BLODGETT, J., did not sit: the others concurred.