Hillsborough,
Dec., 1898.

SMITH, *Adm'x, v.* NASHUA STREET RAILWAY.

A street railway corporation, which unavoidably creates an obstruction in a highway while clearing its tracks of snow, is liable for injuries occasioned to a traveler thereby, after the lapse of a reasonable time in which its dangerous character might have been removed.

CASE, for injuries to the plaintiff's intestate. Trial by jury and verdict for the plaintiff. March 1, 1897, the deceased was driving on Pearl street in Nashua, and while attempting to cross the defendants' track was thrown from his sleigh and injured. The evidence tended to prove that the cause of the accident was the existence of a hard, steep bank of snow and ice in the street, on the south side of the defendants' track, running from the rail to a height of from ten to twenty inches, made by the defendants in plowing out their tracks some ten days before the accident. At the close of the evidence the defendants moved that a verdict be directed in their favor, on the ground that the plaintiff had not shown any negligence on their part which caused the accident. The motion was denied, and the defendants excepted.

*Henry B. Atherton,* for the plaintiff.

*George B. French* and *Jeremiah J. Doyle,* for the defendants.

PIKE, J. Aside from the common-law liability of any person who places an obstruction in the highway or causes any defect in it, in consequence of which another suffers a special damage (*Elliot* v. *Concord,* 27 N. H. 204, 208; *Hearn* v. *Railroad,* 67 N. H. 320), is the statute which provides that "any person or corporation, except municipal corporations, through whose negligence or carelessness any obstruction, defect, insufficiency, or want of repair is caused, shall be liable to any person injured by reason thereof." Laws 1893, *c.* 59, *s.* 1.

An "obstruction, defect, insufficiency, or want of repair," when used in this connection, is such as renders a highway unsuitable for the public travel thereon. *Clark* v. *Barrington,* 41 N. H. 44, 52; *Winship* v. *Enfield,* 42 N. H. 197, 207.

Although the defendants' charter does not expressly authorize them to remove the snow from their tracks, they have the right, by implication, to do so sufficiently to operate their road for the accommodation of the public. But in the exercise of this right, they are bound to consider the rights of the public generally to the use of the streets, including those portions occupied by the defendants' tracks. *Bly* v. *Railroad,* 67 N. H. 474.

Travelers while driving from one side of the street to the other are entitled to find the passage reasonably safe. If after storms the tracks are cleared so that steep banks of snow are left on either side, the use of a portion of the street may be attended with great danger. Should the character of the banks be such as to make the street unsuitable for public travel, the banks would be obstructions, and the street would be defective and insufficient.

In the removal of snow the defendants must use ordinary care to avoid so changing the general surface of the street as to render it unsuitable for the public travel thereon. Laws 1893, *c.* 59, *s.* 1. See, also, *Brown* v. *Railway*, 54 Mich. 496; *Dixon* v. *Railroad*, 100 N. Y. 170.

There was evidence proper for the jury to consider upon the question of the defendants' negligence. It tended to prove that in plowing out their tracks some ten days before the intestate received his injuries, they made a dangerous bank of snow and ice where the accident occurred; and that, even if this unsafe condition of the street was unavoidable when the track was cleared, a reasonable length of time elapsed before the plaintiff's injuries occurred in which its dangerous character might have been removed.

*Exception overruled.*

PEASLEE, J., did not sit: the others concurred.