Coös,　⎫
Dec., 1899. ⎰

### PARSONS v. JAMESON.

ASSUMPSIT, to recover for services as an attorney. Trial by jury. The jury were instructed to return as their verdict such sum as the services were reasonably worth. No instruction was given or requested on the question of interest. There was a verdict for the plaintiff, to which he moved that interest be added from the date of the writ. The motion was granted, subject to the defendant's exception.

*James I. Parsons* and *Daley & Goss*, for the plaintiff.

*Thomas F. Johnson* and *Chamberlin & Rich*, for the defendant.

WALLACE, J. The plaintiff's motion to add interest to the verdict should not have been granted. If he desired an instruction for the allowance of interest, he should have asked for it before the jury retired. By his failure to do so, he waived his right to it and all objections for the want of it, in the same manner he would his right to any other instruction. *Pitman* v. *Mauran*, 69 N. H. 230.

*Exception sustained.*

PEASLEE, J., did not sit: the others concurred.

---

Rockingham, ⎫
　June, 1900. ⎰

### NEIL & a., Ex'rs, v. KELLEY, Adm'r, & a.

TROVER, for shares of bank stock. Trial by a referee, who found for the plaintiffs. The court denied the defendants' motion to set the report aside on the ground that it was against the weight of the evidence, and they excepted.

*Frink & Marvin*, for the plaintiffs.

*Page & Bartlett* and *John W. Kelley*, for the defendants.

YOUNG, J. This exception raises no question of law.

*Exception overruled.*

PIKE, J., did not sit: the others concurred.