Rockingham, }
Nov. 1, 1904. }

## NADEAU v. SAWYER.

In an action for injuries sustained while driving upon a public highway, evidence that the plaintiff disregarded the law of the road is competent upon the question of his care; and if such evidence has been adduced, a recital by the presiding justice of the statute prescribing the conduct of highway travelers is not exceptionable.

A verdict will not be set aside because instructions otherwise correct were not sufficiently specific, in the absence of a request by the excepting party for a more definite statement.

An exception to instructions is waived unless taken and reduced to writing before the jury retire.

CASE, for personal injuries. Trial by jury and verdict for the defendant. Transferred from the April term, 1904, of the superior court by *Stone*, J.

On the day of the accident the plaintiff was traveling on a highway with a horse and wagon. The defendant was following

in an automobile, at a much faster rate of speed; and when he attempted to pass the plaintiff, her horse became frightened, and she was thrown from her carriage and injured. There was evidence tending to prove that as the defendant approached the plaintiff from behind he gave warning of his presence by sounding a horn, and continued to do so until he was within a short distance of her; that she drove along the highway for some distance without turning out, although there was sufficient room to the right of the traveled part of the highway to enable her to do so with safety.

The court read section 18, chapter 76, Public Statutes, as a part of the charge to the jury. The plaintiff excepted to this and requested further instructions regarding the law of the road, which were given. After the verdict she moved to set it aside because the instructions given at her request conflicted with that part of the charge to which she had excepted.

*Doyle & Lucier*, for the plaintiff.

*Eastman & Hollis*, for the defendant.

YOUNG, J. It was incumbent upon the plaintiff to show that she used ordinary care to avoid being injured. If the statute read does not prescribe what shall constitute such care when a traveler is notified that another person who is traveling in the same direction desires to pass him, it is evidence relevant to that issue. *State* v. *Railroad*, 58 N. H. 408, 410; *Clark* v. *Railroad*, 64 N. H. 323; *Evans* v. *Railroad*, 66 N. H. 194; *Brember* v. *Jones*, 67 N. H. 374; *Bly* v. *Railway*, 67 N. H. 474; *Smith* v. *Railway*, 69 N. H. 504; *Lane* v. *Concord*, 70 N. H. 485; *Bresnehan* v. *Gove*, 71 N. H. 236.

If the portion of the charge excepted to contains no legal error, the verdict will not be set aside merely because the instructions were not as full and specific as they properly might have been, unless the excepting party requested more definite instructions. *Barter* v. *Wheeler*, 49 N. H. 9, 22; *First Nat'l Bank* v. *Ferguson*, 58 N. H. 403, 404; *Dow* v. *Merrill*, 65 N. H. 107, 110; *Pitman* v. *Mauran*, 69 N. H. 230; *Parkinson* v. *Railway*, 71 N. H. 28, 31. In this case the court gave all the instructions the plaintiff requested. If she thought more definite ones were necessary to enable the jury to apply the statute to the facts of the case, she should have asked the court to give them. She cannot now be heard to complain because instructions for which she did not ask were not given. *Matthews* v. *Clough*, 70 N. H. 600.

It is unnecessary to consider whether the instructions which were given at the plaintiff's request were inconsistent with the

provisions of the statute which was read to the jury; for if they were, the plaintiff is in no position to take advantage of the error. The only questions of law which can be considered on a motion to set aside a verdict are such as are raised by exceptions taken during the trial. No exception was taken because the instructions were conflicting; and all exceptions to the charge must be taken before the jury retire. Rule of Court, No. 47, 71 N. H. 683; *Moore* v. *Ross*, 11 N. H. 547, 557; *Haynes* v. *Thom*, 28 N. H. 386, 389; *Boyce* v. *Railroad*, 43 N. H. 627; *Cutler* v. *Welsh*, 43 N. H. 497; *Carter* v. *Beals*, 44 N. H. 408; *Bundy* v. *Hyde*, 50 N. H. 116, 122; *State* v. *Gorham*, 55 N. H. 152, 169; *First Nat'l Bank* v. *Ferguson*, 58 N. H. 403, 404; *Dow* v. *Merrill*, 65 N. H. 107, 110; *State* v. *Gale*, 69 N. H. 667; *Pitman* v. *Mauran*, 69 N. H. 230; *Parsons* v. *Jameson*, 70 N. H. 625.

*Exception overruled.*

All concurred.