Merrimack, }
June 27, 1913. }

### Asa A. Thompson, *Adm'r*, *v.* Tilton Electric Light & Power Co.

Where a child playing in a highway leans against an electric light pole and receives a fatal shock by reason of the faulty construction of the appliances thereto attached, the owner of the dangerous agency cannot escape liability on the ground that the injured person was a trespasser.

In such case the relation existing between the owner of the pole and the injured person is that which arises between two licensees upon land of a third party, each being held to the exercise of ordinary care toward the other; and the fact that such owner had knowledge that children were accustomed to play in the vicinity of the pole and were liable to be injured by contact therewith warrants a finding of negligence on his part.

In an action to recover for injuries occasioned by contact with an electric light pole in a highway, evidence that the pole was erected and maintained without the required license from the municipality is admissible upon the question of the defendant's negligence.

Case, for negligence. Trial by jury and verdict for the plaintiff. Transferred from the October term, 1912, of the superior court by *Mitchell*, J., on the defendants' exception to the denial of a motion for the direction of a verdict in their favor.

The plaintiff's intestate was about fourteen years of age when he was killed, October 19, 1911, by a current of electricity passing through his body from the defendants' electric wires which were suspended from a pole standing in a highway in Northfield. It appeared that between five and six o'clock in the afternoon of the day of the accident, the deceased with other children went to play hide-and-seek near where the pole was located. In the course of their play the deceased leaned against the pole and, coming in contact with a chain used to raise and lower the lamp, received the electric shock. The negligence complained of was the failure to have this chain beyond the reach of a person who came in contact with the pole, or to have thereon an insulator. The pole had not been located by the selectmen of the town in accordance with chapter 81, Public Statutes.

*Hollis & Murchie* (*Alexander Murchie* orally), for the plaintiff.

*Owen & Veazey* and *William H. Sawyer*, for the defendants.

WALKER, J. So far as the defendant is concerned, the plaintiff's intestate was rightfully in the highway at the time he received the fatal shock. He was guilty of no trespass against the defendant, and infringed no right of the latter. *O'Brien* v. *Hudner*, 182 Mass. 381; *McGuire* v. *Spence*, 91 N. Y. 303. Hence, cases against towns under the statute giving a remedy to travelers on the highway for injuries received from their defective condition (*Varney* v. *Manchester*, 58 N. H. 430), or against landowners for maintaining dangerous structures on their land (*Frost* v. *Railroad*, 64 N. H. 220; *Hobbs* v. *Company*, 75 N. H. 73), are not decisive authorities in this case.

In the view most favorable to the defendant, the relation existing between it and the deceased was that which arises between two licensees upon land of a third party. Each must use ordinary care not to injure the other or his property. In this case it is admitted that the defendant knew that children were in the habit of playing near its dangerous pole which it maintained in the highway and that they were liable to be seriously injured by the faulty construction of its appliances attached to the pole. It was therefore guilty of a breach of its duty to the deceased, which was the proximate cause of his death, as found by the jury. *Duggan* v. *Railroad*, 74 N. H. 250; *Lydston* v. *Company*, 75 N. H. 23.

Evidence that the defendant erected and maintained the pole in the highway without having obtained a license therefor in accordance with the statute (P. S., c. 81, s. 2) was properly admitted. *Clough* v. *Company*, 75 N. H. 84.

The requests for instructions assumed, in substance, that the defendant owed no duty to the deceased to use ordinary care in maintaining its electric light pole in the highway. As this position is clearly untenable, the exception to the refusal of the court to give the requested instructions presents no error.

*Exceptions overruled.*

All concurred.