Sullivan, }
Feb. 5, 1918. }

### GEORGE R. JONES *v.* BOSTON & MAINE RAILROAD.

On the question whether a railroad negligently failed to cut trees on its right of way, near a highway crossing, the public service commission's record, showing its consideration of measures for the protection of that crossing, is inadmissible.

On cross-examination of a civil engineer, who, after testifying to making various measurements, stated how far one could see in a given direction, the question, "As sure of that as you are of anything else about your measurements?", was admissible.

CASE, for negligence. Trial by jury and verdict for the defendants. The plaintiff, while traveling on August 4, 1915, in an automobile driven by a chauffeur in his employ, upon the highway between Claremont and Newport, was struck by one of the defendants' trains upon Marshall crossing. Transferred from the November term, 1916, of the superior court, by *Branch*, J., upon exceptions taken by the plaintiff, which appear sufficiently from the opinion.

*Jesse M. Barton* (by brief and orally), for the plaintiff.

*Streeter, Demond, Woodworth & Sulloway* and *Hosea W. Parker* (*Mr. Woodworth* orally), for the defendants.

PLUMMER, J. The plaintiff claimed that the defendants were negligent in failing to cut trees and bushes on their right of way near the crossing where the accident occurred. Before the jury was impanelled, counsel for defendants called to the attention of the court certain parts of the plaintiff's declaration in which it was stated that Marshall crossing had been designated by the public service commission to be protected by cutting trees and bushes. It then appeared that the plaintiff relied upon, and expected to introduce in evidence certain excerpts from the record of a hearing before the public service commission held October 11, 1913, from which it appeared that the commission were making an investigation in relation to grade crossings on the defendants' railroad, and that the commission had under consideration the protection of Marshall crossing. No objection was made by the defendants to the form in which this evidence was to be offered, but they did object to its substance. The court ruled that such evidence was

inadmissible, and, would be excluded and ordered that the parts of the plaintiff's declaration which referred to the findings of the commission be omitted when the declaration was read to the jury.   To these rulings the plaintiff excepted.

That portion of the plaintiff's declaration which stated that Marshall crossing had been designated by the public service commission, for protection by cutting trees and bushes, was not in accordance with the facts.   The commission had not made any such designation or order as set forth in the declaration, but simply had it under consideration.   And the court properly ordered that that part of the plaintiff's declaration which did not conform to the facts should not be read to the jury.

It is equally clear that the court did not err in ruling that the excerpts from the record of the public service commission were not admissible as evidence.   By Laws of 1913, chapter 125, section 1, it is the duty of the public service commission, after a hearing, to make such orders for the protection of a railroad crossing as in its opinion the public good may reasonably require; and it is the duty of the railroad corporations affected by such orders to comply therewith in all respects.   If the public service commission, after a hearing, had made an order that the bushes and trees near Marshall crossing should be cut, then it would have been the legal duty of the defendants to have complied therewith; and, if they failed to do so, the plaintiff could have introduced in evidence the order, and the failure of the defendants to obey the same.   *State* v. *Railroad*, 58 N. H. 408; *Clark* v. *Railroad*, 64 N. H. 323; *Bly* v. *Railway*, 67 N. H. 474, 478; *Thompson* v. *Company*, 77 N. H. 92.   But the consideration by the commission of measures for the protection of this crossing, imposed no legal obligation upon the defendants, and testimony relating thereto could not be introduced as evidence of the defendants' negligence.

In cross-examination, the defendants asked a witness of the plaintiff, a civil engineer, the following questions: "Q. You are pretty sure of that?   A. Yes.   Q. As sure of that as you are of anything else about your measurements?   A. Yes, sir."   The plaintiff excepted to the admission of the last question.   The plaintiff has suggested no reason, and none occurs to us why the court erred in admitting the question.

                                                    *Exceptions overruled.*

All concurred.