Rockingham, }
May 3, 1921. }

### GEORGE H. LAMBERT *v.* DERRY ELECTRIC COMPANY.

An electric company occupying with its wires a pole owned and maintained in a town by a railroad company and others is not liable to one who without authority from the owners of the pole has climbed it to affix decorations to the wires in pursuance of a contract between his employer and the town and is injured by reason of their defective insulation.

Under P. S., c. 81, s. 16, the proprietors of a line of wire maintained or used in a highway are not liable to one who without their fault is injured thereby.

CASE, for personal injuries. Trial by jury before *Young*, J. Verdict for the plaintiff. The plaintiff was injured while employed by the Channel Decorating Company by coming in contact with one of the defendants' wires. The citizens of Derry and Londonderry associated themselves together in 1918 for the purpose of celebrating the 200th anniversary of the settlement of the town of Londonderry. Money was voted for this purpose by the two towns and contributed by individuals. The committee chosen to decorate the streets made a contract with the plaintiff's employers by the terms of which they were to attach ropes to the tops of the defendants' poles and the poles of the telephone company on the opposite sides of one of the streets and suspend streamers from them, and the plaintiff was injured while doing this work by coming in contact with a defectively insulated wire. There was no evidence tending to prove that the defendants employed him to do the work, or that they employed the decorating company to do it, and the only evidence tending to prove that they were willing the committee on decorations should use their poles is the testimony of a witness that he told their superintendent a few days before the accident that his company had made a contract with the committee to decorate the streets in the way they were decorating them at the time of the accident, and evidence that the superintendent was on the street on the morning of the accident where he might have seen that the decorating company was using the defendants' poles. There was

also evidence tending to prove that on a few occasions other parties had been permitted to suspend banners from the defendants' poles.

The defendants' motions for a nonsuit and a directed verdict were denied subject to exception. Other exceptions with additional facts are stated in the opinion. Transferred from the May term, 1920, of the superior court.

*John R. McLane* and *Ralph W. Davis* (*Mr. McLane* orally), for the plaintiff.

*Bartlett & Grinnell* and *Scammon & Gardner* (*Mr. Scammon* orally), for the defendants.

PARSONS, C. J. The plaintiff Lambert climbed a pole standing on the southerly side of Broadway in the town of Derry to attach a rope to the top of the pole for the purpose of decorating the street. The pole was not erected for this use but was erected by the Chester and Derry Railroad Association, and carried on different cross arms the wires of the railroad, the defendants' lighting wires, and the fire-alarm wires.

The insulation was defective on the defendants' wires and the cross arms and wires were so arranged as to make the pole exceptionally difficult to climb in safety. The construction was mechanically sound and presented no dangers to the traveling public or to any one who did not attempt to climb to the top through the wires as the plaintiff did. The pole could be climbed in safety by experienced linemen, who did so climb it when necessary. The plaintiff had no knowledge of electricity and had never climbed such a pole until the day of his injury. He was not employed by the defendants, the railroad, or the town fire department, each of whom occupied the pole with wires and presumably had more or less control over it. He was employed by the Channel Decorating Company, who had a contract with the town committee in charge of the celebration, or this part of it, to place decorations as proposed across the street from these poles to poles of the telephone company on the north side. Neither the plaintiff, his employers, nor the town committee had obtained permission from any of the parties controlling the pole to make this use of it. As the plaintiff was not the defendants' servant the obligations which would arise from that relation to make his workplace safe or to warn him of dangers in the work they employed him to do which were known to them and unknown to him do not

exist. In the absence of this relation the plaintiff cannot recover of these defendants for injury received from the manner in which they were conducting their business unless he was rightfully at the place where he was injured, doing what he had a legal right to do, or the situation was such that the defendants ought to have anticipated his presence in a place, where the continued conduct of their business might injure him, in season by reasonable conduct to have prevented such injury. *McCaffrey* v. *Company, ante,* 45. This very recent case brought by a boy who in climbing a tree in the street was injured by contact with the defendants' wire was given great consideration. But while different views were entertained as to the rights of the respective parties in the tree and the defendants' duty of anticipation, there was no disagreement as to the fundamental principle above stated.

The only relation between the plaintiff and the defendants was through his employers, the Channel Decorating Company. Unless through this relation some duty was imposed upon the defendants for the plaintiff's benefit he was a mere volunteer who for his own purposes interfered with the conduct of the defendants' business and was injured in consequence of his ignorance of the danger and the method of avoiding it. In the absence of any evidence of authority from any one to occupy the pole it was claimed that the defendants knew the poles were to be used to support the decorations, that from that knowledge it could be inferred that the defendants were willing the poles should be so used and that such a state of mind on the part of the defendants imposed upon them a duty to take care to protect whoever might climb the poles in execution of the project. If the defendants knew the plaintiff with his lack of knowledge of the danger and the proper method of procedure was about to climb the pole a moral duty rested on them at least to warn him of danger. Whether a legal duty existed to warn and instruct such a volunteer may be a different question, but there is no evidence that the defendants knew the decorating company intended to employ an unskilled man for the work or that the plaintiff was employed to do it or was without experience or skill. The evidence that the defendants knew the poles were to be used in this way was trifling, barely a *scintilla,* and the verdict might well be set aside upon the ground of its insufficiency to prove the underlying fact upon which the case went to the jury. But it is unnecessary to discuss this point. If it be assumed that some one representing the defendants who had authority to permit such use of the poles knew the poles were to be used for sustain-

ing decorations, that fact in the circumstances of the case does not permit the inference that the poles were so used by the defendants' authority. If the defendants had exclusive right to control the poles, from knowledge on their part of the proposed use of the poles and absence of objection, it might be argued they permitted or authorized such use. If such inference might legally be made in such case it does not arise here where the poles were the property of another, the railroad, who had certainly equal if not greater right to control the use than the defendants.

There is no evidence the plaintiff or the decorating company relied upon the defendants' alleged knowledge of the proposed use as giving them a right to so use them. If the defendants, knowing as was conceded that no application to so use the poles had been made to them, saw the attempted use, there was no obligation upon them to infer that the action was being taken in reliance upon permission from them when there were others with greater rights than theirs entitled to give such permission. The reasonable inference open to them was that permission had been obtained from one of the other two parties who had rights in the use of the poles. But if it could be found the defendants gave permission for the use of the pole, such action would be either the gratuitous loan of a chattel or the lease of a real right. In neither case does the bailor or lessor warrant the condition of the subject of loan or lease. *Gagnon* v. *Dana*, 69 N. H. 264; *Clark* v. *Sharpe*, 76 N. H. 446.

In each, the bailor or lessor is liable for failure to disclose a secret defect known to him. The defects of which the plaintiff complains were not secret but open. The danger and injury arose from the plaintiff's ignorance and inexperience. As the plaintiff recovers through his employers he can recover only if they, having been compelled to pay the plaintiff for his injury, could recover over of the defendants, or to put it another way, if the Channel Decorating Company could recover for a similar injury received by one of them. They could not complain of the defendants' failure to warn them of the danger unless they were ignorant of it and the defendants knew their ignorance. Neither Channel nor Levy, who appear to have constituted the Channel Decorating Company, testified; their ignorance is not proved; there is no evidence their want of knowledge, if such was the fact, was communicated to the defendants or that the defendants had any knowledge of facts such as would lead them to inquire as to the company's knowledge and experience.

The company paid no attention to the defendants and cannot now

base a recovery upon the defendants' failure to give information which they had no opportunity to offer.

Irrespective of the authority of Griffith, the defendants' manager, to lease such use of the poles, which he denied, he had control of the current and could discontinue it when life was endangered in any way. This he promptly did upon occasion. In the absence of evidence of his knowledge that an inexperienced person was on or about to climb the poles he cannot be found in fault because of failure to act sooner. Knowledge some one proposed to climb the pole is insufficient because experienced persons could and did climb and work upon them, and, the evidence shows, had the right to do so whether the defendants were willing or not. There was no evidence upon which the case could properly be submitted to the jury. The defendants' motions for a nonsuit and verdict should have been and are now granted.

The plaintiff excepted to the sustaining of demurrers to counts in his declaration which asserted a right of recovery because the defendants' poles and wires were not located in the highway under chapter 81 of the Public Statutes and under s. 16 of the same chapter, without charging other fault. If neither party was rightfully occupying the place of injury each was bound to exercise due care not to injure the other. *Thompson* v. *Company*, 77 N. H. 92. The defendants' wrongful occupation of the highway did not give the plaintiff title to the pole or the right to use it. He could recover if he was injured by the defendants' breach of duty to him, or if the defendants' illegal action was cause for the injury, otherwise not.

Section 16, *c.* 81, P. S., is, "The proprietors of every line of wire strung in a highway shall indemnify the town against all damages, costs, and expenses to which it may be subjected by reason of any insufficiency or defect in the highway occasioned by the presence of the wires and their supports therein; and they shall also be responsible directly to any party receiving injury in his person or estate from the wires or their supports, or from the use thereof by the proprietors." The second sentence gives to the person injured a direct action against the defendant instead of requiring recovery of the town and action over. As recovery could not be had against the town without proof of the town's default, it is not probable it was intended to make the defendants, who answered over, liable directly if without fault.

*Defendants' exceptions sustained: plaintiff's exceptions overruled: judgment for the defendants.*

YOUNG, J., did not sit: the others concurred.