Strafford,      }
May 6, 1924.   }

REBECCA HURLICH, *Adm'x*, v. BOSTON & MAINE RAILROAD.

LOUIS WEINSTEIN *v.* SAME.

The question of the due care of a traveler on a highway who was killed at a grade crossing was properly submitted to the jury on certain evidence as to his conduct and evidence as to the negligent omission by the railroad to post street-crossing warnings as required by P. S., *c.* 159, *s.* 4, and to give the crossing whistle required by P. S., *c.* 159, *s.* 6.

CASE, for negligence resulting in a collision on a grade crossing in Milton. The first action is to recover compensation for the death of Henry Hurlich. The second is to recover for the loss of the plaintiff's motor truck, which Hurlich, as an employee of Weinstein, was driving at the time of the collision. Trial by jury which resulted in a disagreement. Motions for nonsuit and directed verdict were seasonably made by the defendants, and denied by the court subject to exceptions. Transferred by *Sawyer*, J. The facts sufficiently appear in the opinion.

*Mathews & Stevens* (*Mr. Stevens* orally), for the plaintiffs.

*Hughes & Doe* and *Snow & Cooper* (*Mr. Snow* orally), for the defendants.

PLUMMER, J. The accident occurred on the Mill street railroad crossing in Milton. Hurlich was driving a Ford truck in an easterly direction over Mill street, and collided with a south-bound passenger train at that crossing. There is an embankment on the westerly side of the railroad track just north of the crossing, by which the view of trains going southerly is obstructed to travelers upon Mill street going easterly. This makes the crossing dangerous. There were no warning signs at the Mill street crossing as required by law. P. S., *c.* 159, *s.* 4. The evidence of the plaintiffs tended

to prove that as the train, which collided with the truck, approached the crossing, the whistle was not blown at the whistling post north of the crossing in accordance with the provision of the statute. P. S., c. 159, s. 6. This evidence (*Evans* v. *Railroad*, 66 N. H. 194), together with the failure of the defendants to maintain warning signs at the crossing, would warrant a finding that the defendants were guilty of negligence in respect to the accident.

It is the contention of the defendants that Hurlich was guilty of contributory negligence, and therefore that the plaintiffs cannot maintain these actions. Whether the decedent was guilty of contributory negligence is a question for the jury, unless the evidence conclusively establishes that fact. *Fuller* v. *Railroad*, 78 N. H. 366, 367; *Quimby* v. *Railroad*, 79 N. H. 529, 530. The evidence relating to the conduct of Hurlich just prior to the collision was very meager. Only one witness saw him driving the truck towards the crossing. This witness had a view of the decedent as he approached the track for more than twenty feet, and until he was about twenty feet west of the crossing. She testified that he was driving very slowly, and it could be found from her evidence that he was looking north, the direction from which the train was coming. There was no evidence as to what the conduct of Hurlich was as he passed over the last twenty feet before reaching the crossing. The evidence was that when he was twenty feet west of the track he could see the train coming for two hundred and thirty-five feet. The evidence of the defendants was that the train was approaching the crossing at from twenty to twenty-five miles an hour, but the plaintiffs claim the speed of the train was greater, and there was some evidence to substantiate their claim. Hurlich might have seen the train and thought it was safer to try and cross the track, than it was to attempt to stop. The only evidence relative to the speed he was traveling was that he was driving very slowly. If he was going ten miles an hour when he was within twenty feet of the crossing, he would have had less than two seconds in which to act before reaching the crossing. He may have erred in judgment, and might have avoided the collision if he had stopped. But "a mere error of judgment is not necessarily negligence." *Folsom* v. *Railroad*, 68 N. H. 454, 460. "Being compelled to choose in a situation of danger between different courses of action, the fact that what he did resulted in injury, while by an opposite course he could have escaped harm, does not conclusively establish his fault." *Olney* v. *Railroad*, 71 N. H. 427, 432. "What constitutes negligence in

a given exigency is a question for the jury, and not for the court." *Paine* v. *Railway*, 63 N. H. 623; *Carney* v. *Railway*, 72 N. H. 364, 372. He might have erred in judging the speed of the train approaching the crossing, and for that reason concluded he had time to cross the track. "There is reason to believe a mistake on this point is the cause of many accidents. . . . Whether a train is going twenty miles an hour or forty, is a question on which the opinion of but few observers would be considered valuable by a railway expert. In estimating time, distance, and rapid motion, the mass of men are inexpert. For various reasons, when they see a train at a considerable distance coming towards them at the rate of thirty-five or forty miles an hour, they have little ability to measure the danger of crossing in front of it. They are not ignorant of the probable consequences of a collision, but are likely to be misled by an erroneous view of the probability of a collision." *Huntress* v. *Railroad*, 66 N. H. 185, 190. Hurlich may have been relying upon the whistling signal to warn him of the approach of a train, and not hearing a whistle, he may not have seen the train until it was impossible to avoid the collision. "The jury were amply warranted in finding that he was justified in relying for his protection upon the whistling signal which his evidence tended to show was not given." *Doody* v. *Railroad*, 77 N. H. 417, 418. "Whether he was at liberty to rely upon it altogether is a question of fact, and not of law." *Smith* v. *Railroad*, 70 N. H. 53, 83. Under the circumstances surrounding this accident, it cannot be said, as a matter of law, that the evidence conclusively established that Hurlich was guilty of contributory negligence. That question should be determined by a jury.

*Exceptions overruled.*

SNOW, J., did not sit: the others concurred.