Rockingham, }
Jan. 26, 1925. }

## Frank B. Turner v. Globe Automatic Sprinkler Company.

The builder of a large water tank high above the ground, into which water is turned for the first time in zero weather, is chargeable with knowledge of the probability of leakage from the tank, and of the fact that icicles formed from such leakage are likely to be dislodged, either by the wind or by the heating of the water by hot water piped in to prevent freezing.

In such circumstances, before putting an employee to work on the ground under the tank, it can be found to be the builder's duty either to inspect the tank and remove the icicles, if any have formed, or to warn the employee of the danger.

An employee inexperienced in working about tanks of this character cannot be held to have assumed the risk of icicles falling on him, or to have been negligent in not ascertaining the danger.

Case, for negligence, at common law, for personal injuries to an employee. At the close of the plaintiff's evidence, the defendants' motion for a nonsuit was denied subject to exception. The facts appear in the opinion. Trial by jury before *Kivel,* C. J. Transferred by *Allen,* J.

*Sleeper & Brown (Mr. Sleeper* orally), for the plaintiff.

*Hughes & Doe* and *John Scammon (Mr. Scammon* orally), for the defendants.

Plummer, J. The evidence tended to prove the following facts: The defendants had a contract with the F. E. Adams Shoe Company to construct and install for them at their factory at Seabrook a sprinkler system to protect their plant from fire. At the time of the accident the installation of the system was substantially completed. Near the factory building the defendants had constructed a large water tank to supply water to the sprinkler system. The tank was

circular, twenty-five feet in height, with a diameter of seventeen feet, and the bottom of it was seventy-five feet above the ground. In cold weather, hot water from the factory was to be forced through a two-inch pipe, running up inside of and to the top of the tank, for the purpose of preventing the water in the tank from freezing. The plaintiff was employed by the defendants as a handy man about the work. On the morning of the accident, February 14, 1922, the plaintiff was sent by Mr. Ryder, who had charge of the work, to tack some tarred paper onto a roof over a pit in the ground which was located directly under the water tank. After he had been working there a short time, an icicle fell from the water tank, struck the plaintiff, and caused the injury complained of. About an hour and a half before the icicle fell from the tank, Ryder had turned on the hot water which was designed to keep the water in the tank from freezing. On the morning of the accident it was zero weather and somewhat windy. The plaintiff had not had any experience in working about tower water tanks. He was not informed and did not know that there were icicles on the tank directly above where he was working. From these evidentiary facts it could be found that the defendants were negligent and liable for the plaintiff's injury.

The water tank had just been filled for the first time. Whether it would leak, the defendants did not know. But it is a matter of general knowledge that large water containers are likely to leak some when first filled. And they knew, if the tank did leak, that icicles would form on it, for it was zero weather. They also knew, or should have known, if there were icicles hanging from the tank on the morning of the accident, that the warming of the water in the tank or the action of the wind was likely to cause them to fall. Therefore it can be found that the defendants, before sending the plaintiff to work under the tank, should have inspected it, and removed the icicles or warned him of the danger to be encountered in working under them. *Petrus* v. *Company,* 75 N. H. 587; *Lambert* v. *Company,* 80 N. H. 126, 127.

It cannot be said, as a matter of law, that the plaintiff assumed the risk of the danger which he encountered in his employment. He did not know and was not chargeable with knowledge that icicles were hanging over him, where he was at work. It was not his duty to inspect his workplace to ascertain if it were safe. He had a right to assume that the defendants would provide him with a safe place in which to work. And he cannot be said to have been at fault in not ascertaining the danger unless it was so obvious that it must be

held that in the exercise of ordinary care he would have known it. *Cassidy* v. *Corporation*, 79 N. H. 427, and cases there cited. The plaintiff was not experienced in working about water tanks of this character. He was sent on a zero morning to work under the tank with icicles hanging therefrom seventy-five feet above the ground. Undoubtedly he would have seen them if he had looked up at the tank. But there was nothing unusual in his failure to discover the overhanging icicles, and particularly on such a morning one would probably go direct to his work without examining the water tank seventy-five feet above him. It cannot be held that it conclusively appeared that the plaintiff was negligent in not discovering the peril which threatened him.

The defendants contend the evidence demonstrated that the hot water which ran through the two-inch pipe into the top of the tank did not change the temperature of the water in the tank to any great extent; that the water was prevented from freezing by being kept in circulation by the hot-water pipe, and not because it was warmed by it; that the tank was not warmed enough by the hot water to cause the icicles to fall; and that their falling must have been caused by the action of the wind, for which they were not responsible.

A careful examination of the evidence leads to the conclusion that it might be found that the hot water forced into the tank might warm it sufficiently to cause the icicles to fall. However that may be, it has already been pointed out that it can be found that the defendants were chargeable with knowledge of the presence of the icicles which were likely to fall, when they sent the plaintiff to work under them, and as they failed to remove them or warn him of them they can be held liable for the accident, whether the falling of the ice was occasioned by the warm temperature of the tank or by the action of the wind.

*Exception overruled.*

All concurred.