Merrimack, } No. 3336.
June 24, 1942. }

NORMAN DAVENPORT *v.* WHITE MOUNTAIN POWER COMPANY.

*Demond, Sulloway, Piper & Jones (Mr. Piper* orally), for the plaintiff.

*Mayland H. Morse* and *George R. Grant, Jr. (Mr. Grant* orally), for the defendant.

PER CURIAM. "The plaintiff's motion to add interest to the verdict should not have been granted. If he desired an instruction for the allowance of interest, he should have asked for it before the jury retired. By his failure to do so, he waived his right to it and all objections for the want of it, in the same manner he would his right to any other instruction." *Parsons* v. *Jameson*, 70 N. H. 625. Nor was the question of interest as an element of damages reserved to the court by agreement before verdict, as was the case in *Emery* v. *Company*, 89 N. H. 165. Therefore the usual rule applies, that interest runs from the date of the verdict. P. L., *c.* 340, *s.* 1.

*Exception sustained.*