T. F. GREENLEE AND J. F. ATKINSON v. THE NORTH BRITISH & MERCANTILE INSURANCE COMPANY, Appellant.

**Insurance:** FORECLOSURE OF AND SALE UNDER MECHANIC'S LIEN: *Change of interest.* When a policy was issued, mechanics' liens had been filed. Before the loss, the liens were reduced to judgment, and an execution issued and the property was sold, and a certificate issued to the judgment creditor. The period of redemption had not expired at the time of the fire. *Held*, not to constitute a change of interest of the assured, within a condition of the policy providing for forfeiture in event that the title or possession of assured is changed by * * * legal process, or judgment. Citing *Wood v. Insurance Co.*, 149 N. Y. 362; *Insurance Co. v. Schmidt* (Pa. Sup.) 13 Atl. Rep. 317; *Hench v. Insurance Co.* (Pa. Sup ) 15 Atl. Rep. 671; *Shimer v. Hammond,* 51 Iowa, 401, *criticized; Hicks v. Insurance Co.*, 71 Iowa, 119, *distinguished.*

INCREASE OF HAZARD: *Burden of proof.* Where, at the time a policy was issued, mechanics' liens had been filed against the building, judgment and execution sale under such liens, in the absence of evidence, do not show any increase of hazard, within the conditions of the policy. The burden of showing such increase is on the insurer, and mere change in the risk is not sufficient proof.

*Appeal from Benton District Court.*—HON. GEORGE W. BURNHAM, Judge.

TUESDAY, MAY 25, 1897.

ACTION at law upon a policy of fire insurance. Defense, breach of condition against incumbrances, and of a further condition against change of interest, title or possession by legal process, judgment or voluntary act of the insured, or otherwise. Plaintiff's reply is a denial, and also a claim of waiver. The case

was tried to a jury, resulting in a directed verdict for plaintiffs, and defendant appeals.—*Affirmed.*

*McVey & McVey* for appellant.

*J. J. Mosnat* for appellees.

DEEMER, J.—The property insured was a store and opera-house building and fixtures, situated in the city of Belle Plaine; and the policy contains these, among other, conditions: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the hazard be increased by any means, within the control or knowledge of the insured, * * * or if the interest of the insured be other than unconditional and sole ownership, * * * or if, with the knowledge of the insured, foreclosure proceedings be commenced, or notice given of sale of any property covered by this policy by virtue of any mortgage or trust deed, or if any change other than by the death of the insured take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment, or by voluntary act of the insured, or otherwise. * * *" At the time the policy was issued, mechanic's liens had been filed against the property, one by Robert Smith, who claimed six hundred and twenty-two dollars and sixty cents; and another by J. F. Atkinson, who claimed nine thousand four hundred and seventy-three dollars and sixty-eight cents. Thereafter, and before the loss, these mechanics' liens were reduced to judgments, and foreclosure decrees and an execution had issued upon the Atkinson judgment, and the property was advertised and sold, and a certificate had issued to Atkinson as purchaser. The period for redemption had not expired, however, at the time

of the fire. The defendant pleaded that these fore-
closures and the sale of the property to Atkinson con-
stituted a breach of the conditions of the policy above
set out. By the terms of the policy, the loss, if any,
was made "payable to J. F. Atkinson, as his interest
may appear."

Appellant claims in argument that the judgments
and decrees of the court foreclosing these mechanics'
liens, and the sale of the property under the Atkinson
decree, come within the express terms of the
policy, forbidding "a change in the interest,
title, or possession of the subject of insurance,
whether by legal process or judgment, or by volun-
tary act of the insured, or otherwise." Now, it
is clear that the judgment and foreclosure proceed-
ings did not change either the title or possession of
the property. During the period for redemption,
Greenlee, who was the owner of the property, held
both the title and right of possession, and was
entitled to the rents and profits thereof. Did these
proceedings change the interest of the assured? The
word "interest," as used in the policy, means the share,
portion, or part that the assured had in the property;
and, in order to determine whether or not there was a
change by the proceedings complained of, we must see
whether there was any change in his right. What
share or portion had the assured in the property
before the foreclosure proceedings and sale thereunder
that he did not have afterwards? If the mechanics'
liens were in fact liens upon the property at the time
the policy was issued; the judgments and the sale
under execution were no more. If they created no
title, neither did the judgments, nor the sale on
execution. In other words, neither the judgments
nor the sale on execution created any new interest or
estate. At most, a mere lien which was uncertain in
amount, was made certain and conclusive, and an

indefinite period of redemption was made certain and definite. But neither of these things changed in any respect the share or part that the assured had in the property. In the case of *Curtis v. Millard*, 14 Iowa, 128, we said, in speaking of the estate created by a sale under execution: "Now, the courts have frequently declared that the purchaser of lands on execution acquires by his purchase no more than a lien upon the lands for the amount of his bid and interest. During the time allowed for redemption, he acquires no right or estate upon which he could maintain ejectment, or which could be levied upon and sold for his debts. It is simply an inchoate or conditional right to an estate, liable to be defeated any time within one year by the payment of the purchase money and interest." So, also, in the case of *Stanbrough v. Daniels*, 77 Iowa, 567, we said that one who held a certificate of purchase upon foreclosure proceedings is, during the year allowed by law for redemption, only a lienholder. Atkinson, then, was a mere lienholder at the time the fire occurred. He was also a lienholder for the same amount when the policy was issued, for the record shows that he bid no more than the amount of his judgment for the property. True, the amount was not ascertained and fixed until the judgment was rendered, but the lien existed for the true amount before as well as after judgment. The fixing of the period for redemption did not change the interest, portion or share that the assured had in the subject of the lien. In a certain sense, Greenlee had nothing but an equity of redemption in the property, uncertain as to time within which it should be exercised before judgment, certain and fixed afterwards. It appears to us that there was no substantial violation of the conditions of the policy above referred to. In the case of *Wood v. Insurance Co.*, 149 N. Y. 382 (44 N. E. Rep. 80), the court, in construing a like

condition in a policy, said, in speaking of the effect of a sale upon execution: "At the time, therefore, that the property in question was destroyed by fire, the interest, title, or possession of the insured had not been changed. The statute (which is much like ours) had operated to postpone the effect of the sale upon the interest, title, or possession of owners until the expiration of the period for redemption." We have held that an interest in real estate is something more than a right to a remedy against it, and a lien therefore, whether special or general, is not an interest in lands. *Andrews v. Burdick,* 62 Iowa, 714. As the sale upon execution gave to Atkinson nothing more than a lien, or at most an inchoate or conditional right to an estate, he acquired no interest in the property; and, if he acquired no interest Greenlee lost none. We do not overlook a statement made in the case of *Shimer v. Hammond,* 51 Iowa, 401, to the effect that a purchaser at execution sale holds the equitable title to the property. But it is manifest that such statement was not essential to the determination of the controversy, and should therefore be regarded as *dictum.* It will be noticed that the conditions of the policy sued upon in this case do not avoid the policy in the event that the property should be incumbered by judgment, as did the provisions in the policies involved in the cases of *Insurance Co. v. Schmidt* (Pa. Sup.) 13 Atl. Rep. 317, and *Hench v. Insurance Co.* (Pa. Sup.) 15 Atl. Rep. 671, relied upon by appellant. Hence these cases are not in point. Neither is the case of *Hicks v. Insurance Co.,* 71 Iowa, 119, for the reason above stated, and for the further reason that it is expressly held in *Lodge v. Insurance Co.,* 91 Iowa, 103, that a judgment is not an incumbrance, within the meaning of that term as used in insurance

policies, explaining and distinguishing the *Hicks Case*. To avoid the policy in this case, the judgments or other proceedings must change either the interest, title, or possession of the subject of insurance. As we have seen, they did neither.

Appellant further contends that the judgments and execution sale violated the condition of the policy as to increase of hazard. We do not think this is so. The amount of the liens was in no manner increased, except, it may be, to the extent of the costs taxed in the case; and there was no evidence offered or introduced which tended to show that any increase of hazard resulted from the proceedings to enforce the mechanics' liens. We cannot presume that there was any such increase. *Russell v. Insurance Co.*, 71 Iowa, 69; *Russell v. Insurance Co.*, 78 Iowa, 216; *Martin v. Insurance Co.*, 85 Iowa, 643; *Runkle v. Insurance Co.*, 99 Iowa, 414; Wood, Ins., section 243. Moreover, the condition last referred to does not apply to immaterial changes, which do not increase or enhance the risk. Changes in the form of an existing lien will not, as a matter of law, amount to an increase of hazard. Wood, Ins., section 245. And the insurer has the burden of proving an increase of risk. Proof of a change in the risk, without more, does not make out the defense. It must also appear that the change increased the hazard. Wood, Insurance, section 260. It is clear that the condition with reference to foreclosure sale of the property under mortgage or deed of trust was not violated. As none of the conditions of the policy were broken, the district court was right in directing a verdict for the plaintiff, and the judgment is AFFIRMED.