such sum has been paid to and received by the person or persons lawfully entitled to the same, and that all claims and demands upon said company under the policy have been fully satisfied." The name of Rose McCabe is not mentioned in the policy. The answer did not set up the defense of nonjoinder or misjoinder of parties plaintiff. Code 'Civ. Proc. §§ 488, 498, 499. It has been repeatedly held that a defendant will waive his right to object to defect of parties plaintiff, not apparent upon the face of the complaint, by an omission to state the objection in the answer. People v. Telegraph Co., 31 Hun, 596. Besides, Rose McCabe was called as a witness at the trial, and testified expressly that she had no interest in the policy and made no claim thereto, and the effect of her evidence is to acquiesce in the sole ownership by the plaintiff of the policy and the moneys due thereon. Grogan v. Insurance Co., 90 Hun, 521, 36 N. Y. Supp. 687.

4. It appears by the evidence that, at the time the application was made for the insurance, the plaintiff and her sister were present, and that the agent who solicited the insurance, and who supervised the execution of the application, was made aware that the insured, Edward Fanning, could not write, and when the application had been filled out and completed, the sister, at his instance and in his presence, was asked to place his name to the application; and, although it was not written by his own hand, yet it seems to have had his assent; and there is no force in the contention of the defendant that the application or the policy should be avoided by reason of the circumstance that the signature to the application was written by the sister of the insured at his instance and with his consent. Some exceptions were taken during the trial which have received attention, but require no special comment. We are of the opinion that the trial judge was warranted in the conclusion which he reached, and which is evidenced by the verdict which he ordered. No counterclaim is set up in the answer, and no specific question was raised at the trial as to the amount the plaintiff was entitled to recover. Practically the amount recovered, as ordered, was acquiesced in and assented to by the defendant.

We are of the opinion that the verdict, and judgment entered thereon, should be sustained, and that the order denying a motion for a new trial should also be sustained. Judgment and order affirmed, with costs. All concur.

{20 App. Div. 109.)

EDDY v. FARMERS' MUT. INS. CO. OF ORLEANS AND NIAGARA COUNTIES.

(Supreme Court, Appellate Division, Fourth Department. July 29, 1897.)

1. Fire Insurance—Place of Loss.
    In a policy of insurance containing a separate clause reading, "$500 on stallion 4 years old," pursuant to a requirement that "fancy stock shall be especially designated and a valuation placed upon each when insured," there is no restriction as to place of loss in respect to the stallion, though the preceding clause, covering other stock, has the limitation, "on live stock in or near said barns."

2. Same—Live Stock—Removal.

Laws 1892, c. 690, § 278, forbidding insurance corporations formed thereunder to "transact business in more than three counties, which shall be designated in the certificate of incorporation," does not prohibit the insurance of a trotting stallion, owned and kept in one of such counties at the time the policy is issued, from loss occurring while it is temporarily outside the territory designated in the certificate, training for a race.

3. Same.

Laws 1886, c. 573, § 12, forbidding co-operative insurance companies to issue policies on "property out of the limits of the territory," where they are authorized to do business, is not violated by issuing a policy on live stock then within said territory, but without restriction as to place of loss.

Appeal from trial term, Niagara county.

Action by Charles I. Eddy against the Farmers' Mutual Insurance Company of Orleans and Niagara Counties on a fire insurance policy From a judgment of the trial term in favor of plaintiff (41 N. Y. Supp. 854), defendant appeals. Affirmed.

On the 17th of December, 1892, the defendant issued a policy of insurance to Charles F. Williams, of the town of Royalton, Niagara county, by the terms of which it insured his buildings and other property upon said farm, "including a trotting stallion four years old named Red Gothard, then owned by him on said farm, against loss or damage by fire or lightning, the insurance upon said stallion being a separate item of insurance of $500, and it was provided that such insurance should continue for the period of five years; and in and by said policy the defendant agreed to pay such insurance to said Williams or his assignee in case of loss." When the insurance was effected the agent of the defendant was informed that the stallion was a race horse, and "that he had been away from the farm in training, and that the owner expected to take him to the city of Buffalo for training the following year." It is found as a fact that in the latter part of March, 1896, the owner sent the said stallion to the driving park at Buffalo, to be trained "for a period of four weeks, after which time the horse was to be returned to said farm." On the 4th of April, 1896, while the horse was in care of one McDonald, in one of the barns on the said Buffalo Driving Park, the buildings upon the park and their contents were destroyed. It was found that the fire was not caused by the negligence of Williams, nor caused by anything in the policy of insurance prohibited, and that Williams had conformed to the policy, "and immediately after said fire caused notice to be given to the secretary of the defendant of said loss"; that the defendant refused to pay, "upon the ground that it occurred without the counties of Orleans and Niagara." Williams assigned his cause of action to the plaintiff, and this action was commenced. Judgment was entered upon the decision made by the court, and an appeal is taken therefrom, exceptions having been filed to the decision.

Argued before HARDIN, P. J., and ADAMS, GREEN, and WARD, JJ.

Millar & Moyer, for appellant.

Filkins & Coe, for respondent.

HARDIN, P. J.    Defendant's answer alleges that it is a co-operative town insurance company, "and that in and by the certificate of incorporation it is limited to the territory embraced in the counties of Orleans and Niagara." It also alleges that Williams was a resident of the town of Royalton, "and was the owner of a farm situated in said town, and was the owner of the stallion" in and upon said farm when the policy was issued. It is further alleged in the answer that "it is prohibited from insuring or issuing any policy of insurance

upon or in respect of any property out of the limits of the territory embraced within the limits of its certificate of incorporation." It then alleges that in the month of March, 1896, "Williams, in violation of the terms and provisions of said policy, and of the laws of this state, removed the said stallion from the limits of the territory embraced in the certificate of incorporation of this defendant, to wit, from the county of Niagara, and took the same to the county of Erie, and to the city of Buffalo, at which place the loss and injury to said stallion referred to in said complaint occurred." It is further alleged in the answer "that such removal was made without the consent or permission of this defendant." Before the policy was issued an application in writing was made by Williams for insurance upon his dwelling house, household furniture, and on "wagons, carriages, sleighs, harnesses, robes, blankets, and farming utensils on said premises, $500; on live stock in and near said barns against fire, and anywhere in Orleans and Niagara counties against lightning, $400." Then the application, after the use of the words which we have already given, contained the following: "Registered Stock. On horse colt, 1 year, Kite Gothard, $——; on mare colt, 1 year, Golden Chimes, $300; on stallion, 4 years, Red Gothard, $500." The total insurance applied for was $4,800. The last three items mentioned evidently fell within the classification found in section 9, art. 5, of the constitution. That section contains the following words: "Fancy stock shall be especially designated, and a valuation placed upon each when insured." It is to be observed that the last three items mentioned in the application are not specified therein to be in any building, nor stated to be in any particular place. The evidence, however, indicates that the last two items were upon the farm of Williams, in Royalton, in the county of Niagara. When the policy was issued, of $4,800, it contained the following language: "On the following property, as described in application and survey No. 6,091, to wit, $1,200 on dwelling house; $600 on household furniture, beds, and bedding, carpets, sewing machines, wearing apparel, and provisions therein; * * * $500 on wagons, carriages, sleighs, harness, robes, blankets, farming utensils, including reaper and mowers, in and near said barns and outbuildings; $400 on live stock in and near said barns against fire, and elsewhere in Orleans and Niagara counties against lightning." Then came the following words in the policy: "$300 on mare colt, 1 year old, Golden Chimes; $500 on stallion, 4 years old, Red Gothard." It is thus seen that there are no restrictive words in relation to the stallion's location or building in which he was at the time the policy was issued. Nor does the policy contain any words of restriction against temporary or permanent removal of the stallion from the farm or from the county of Niagara. Therefore the policy was an absolute policy of insurance, in terms, as to the stallion. Inasmuch as there is no specification in the application or in the policy of any building in which the stallion was at the time of issuing the policy, we see no occasion to apply to it the provisions of section 12 of the constitution. Indeed, there is no defense alleged in the answer, in terms, under any of the conditions mentioned in section 12 of the constitution. Nor does the policy contain any words restrictive of the place where a loss shall transpire

It may be that there was an oversight in the application, and a failure to express definitely where the property was in the policy, so far as it relates to the stallion, or to prescribe a limit as to where the loss should transpire which the company should be liable for. Such omission, however, cannot be made the foundation for defeating the positive and unrestricted language of the policy. The stallion came under the designation of "registered stock," and under the classification of "fancy stock." We are of the opinion that the defense sought to be made is unavailing.

Somewhat similar questions have been discussed in two reported cases which are adverse to the contention of the defendant. Association v. Evans, 102 Pa. St. 281; Reck v. Insurance Co., 163 Pa. St. 443, 30 Atl. 205. By the issuance of the policy in question the defendant was not engaged in transacting business outside of the territory prescribed in its articles of incorporation. By issuing the policy the company did not "transact business" beyond the territorial limits mentioned in its certificate of incorporation, and therefore did not commit an infraction of section 278, c. 690, Laws 1892, as amended by chapter 907, Laws 1896; nor did it issue a policy on "property out of the limits of the territory" where it was authorized to do business by its articles of incorporation, and therefore did not, in terms, violate section 12, c. 573, Laws 1886, which latter statute related to the formation of town and county co-operative insurance companies. In the opinion delivered by the learned trial judge, many pertinent suggestions are made in respect to the construction of the policy in question. We quote with approbation from that opinion the following:

"In the absence of special restriction, clothed in clear and unequivocal language, as to the territory within which the property was to be insured, it will be deemed to have been within the contemplation of the parties that the property might be used in the ordinary way, and, considering the nature of the property, that the insurance would continue to attach wherever the same may be while the owner is using his property in the ordinary manner, and for the purposes for which such property is ordinarily held and used. Wood, Ins. (2d Ed.) § 47; Noyes v. Insurance Co., 64 Wis. 415, 25 N. W. 419; Longueville v. Assurance Co., 51 Iowa, 553, 2 N. W. 394; Mills v. Insurance Co., 37 Iowa, 400; Peterson v. Insurance Co., 24 Iowa, 494."

If the defendant desires to avoid its obligation of insurance of property as soon as the property is removed beyond the territorial limits in which it is authorized to transact business, it should insert a clause to that effect in its policy, to the end that the party receiving the policy may have a clear understanding of the restrictions and limitations sought to be imposed upon the owners of property. The foregoing views lead to the conclusion that the defense attempted was properly overruled at the trial term. Judgment affirmed, with costs. All concur.