ELI DYER v. THE DES MOINES INSURANCE COMPANY, Appellant.

**Insurance:** NOTICE AND PROOF OF LOSS. The assured under a policy on a building and goods, which were burned, sent the company, after it had notice of the loss, a list of figures, accompanied by

1 his unsigned affidavit, which he intended for, and which its officers must have understood was intended as proof of loss. They must

2 have also understood that the figures first appearing represented the amount of dimension lumber in the burned building and the

other parts of the statement the other property lost by the fire. *Held*, that such proofs, except as to how the loss occurred, and the omission to sign the affidavit, substantially complied with the policy and Acts 1880, chapter 211, section 3, requiring notice of loss, accompanied by an affidavit stating the facts as to how the loss occurred, so far as they are within assured's knowledge, and the extent of the loss.

Waiver. An insurance company waives the failure of the insured to specify in his proofs of loss how the fire originated, and to verify the same by affidavit, by returning the same with a general statement that they contain none of the elements necessary to comply with the policy or statute as to proofs of loss, without subsequently, and within a reasonable time, pointing out such specific objections.

*Appeal from Monroe District Court.*—Hon. M. A. Roberts, Judge.

.Wednesday, October 27, 1897.

The plaintiff shows as his cause of action in substance as follows: That, on October 15, 1894, the defendant, a duly-incorporated insurance company, issued to him its policy of insurance against loss or damage by fire upon the lower story of a certain two-story building not exceeding seven hundred dollars, and on certain furniture and goods therein not exceeding two hundred dollars, for the period of one year; that on the eleventh of January, 1895, said property was totally destroyed by fire, without fault on his part, and that he thereafter gave the defendant written notice of said loss, and within sixty days from the date of said loss he gave the defendant proof thereof; that the defendant fails and refuses to pay said loss, or any part thereof. He alleges that a mistake was made in writing said policy in describing the property insured as being all of said building instead of the lower or first story thereof, which alone belonged to him, and of which fact he fully informed the defendant's agent at the time the application was taken. He prays that said

mistake may be corrected, and for judgment on the policy, as corrected, for eight hundred and thirty-nine dollars and thirty-two cents, with interest. The defendant answered, admitting that it issued the policy on the building and goods, written as alleged; denies that any mistake was made in writing the policy, as alleged; and avers that it was written as stated by the assured. Defendant alleges that in his application plaintiff answered that his title was by warranty deed, and did not disclose the fact that he had no title to the upper story of said building; and that because thereof the policy is, by its terms, void. Defendant further alleges that plaintiff did not give notice and proofs of said loss within the thirty days, nor in the manner, required by the policy; and that there has been no waiver of any of the conditions of said policy by the defendant. "The defendant admits that, on the eighth day of March, 1895, it received through the mails a paper upon which was written a list of figures; but said paper did not contain a statement of the origin of the fire, or how the loss occurred, and was not signed by the assured, nor sworn to, nor did it contain an itemized statement of the actual cash value of the property claimed to have been lost by the fire, nor did it possess the essentials plainly pointed out in the policy and in the statutes necessary to make it a proof of loss." On the day following the defendant returned said paper to plaintiff through the mail, with a letter as follows: "Des Moines, Iowa, March 9, 1895. Eli Dyer, Esq., Foster, Iowa—Dear Sir: We received from you yesterday a list of some figures, but, as it contains none of the elements necessary to comply with the policy and statute as to proofs of loss, we return the same herewith, and respectfully refer you to the policy and statute governing such cases. Yours, very truly, J. S. Clark, Sec'y." Defendant states that, notwithstanding assured

was notified of the deficiency of the paper, he did not thereafter furnish proofs of loss as required by the policy. Defendant asked to be dismissed, with costs. Plaintiff, in reply, denies the right of the defendant to insist upon any of the defenses set up in its answer, for the following reasons: That when defendant's agent was taking the application he was informed that there was a mortgage on said premises, amounting to sixty-five dollars, which was duly recorded; that the plaintiff claimed to be the owner of the undivided one-half of the ground on which the building stood; that his claim of title was based upon a deed, not present, but which was on record, which he asked said agent to examine, and that he did not state that he held title by warranty deed; that the application was signed in blank, said agent agreeing to fill the blanks when he examined the record as to plaintiff's title; wherefore plaintiff asked to have said statement reformed so as to conform to the facts. Replying to the matters set forth as to proofs of loss, plaintiff says that by said letter defendant failed to point out any specific objections to said proofs of loss, "for which failure it has waived the right, and is now estopped from making any of the objections it now urges to the insufficiency of said proofs of loss." Plaintiff alleges that, on the eleventh day of March, 1895, he transmitted to defendant further proofs of loss, which were returned to him on the day following, with an accompanying letter that will be hereafter noticed. Plaintiff states that in this letter the defendant wholly failed to specify any one of the objections now urged against the sufficiency of said proofs of loss. The case was transferred to and tried as in equity, and a decree rendered finding that the mistakes alleged do exist by mutual mistake of the parties, and decreeing that the policy be corrected accordingly. Judgment was entered in favor of the plaintiff for seven hundred dollars, with

interest from June 7, 1895. Defendant appeals.— *Affirmed.*

*McVey & Cheshire* for appellant.

*T. B. Perry* and *N. E. Kendall* for appellee.

GIVEN, J.—I. Appellant does not complain of that part of the decree granting a reformation of the policy, nor could it well do so, for the uncontradicted evidence fully sustains the decree in that particular. Appellant's contention is that the court erred in rendering judgment against it, "for the reason that no proofs of loss as required by the policy and the statute were ever made or delivered to the defendant company." Appellee contends that "defendant failed to point out any specific objections to said proofs of loss, or any of the objections now urged on this trial; for which failure it has waived the right, and is now estopped from making any of the objections it now urges of the sufficiency of said proofs of loss." Much is said in argument, and many authorities are cited, as to how and by whom waiver might be made under this policy, and especially as to whether an adjusting agent might waive proofs of loss. There is neither allegation nor evidence of an express waiver of proofs of loss nor of an express waiver of the insufficiency of the proofs made. The question is whether, under the facts, appellant is estopped from questioning the sufficiency of the proofs made, and it is only in this connection that we are called upon to consider the subject of waiver. The statute requires notice of loss, accompanied by an affidavit stating the facts as to how the loss occurred, so far as they are within the knowledge of the assured, and the extent of the loss. Acts Eighteenth General Assembly, chapter 211, section 3. This policy requires that the assured shall render an account of the

loss, signed and sworn to, stating how the fire orig-
inated. The proofs received by appellant March 8, and
returned March 9, 1895, consisted of a list of figures in
the form usually employed in giving the dimensions of
framing lumber; thus: "4 2x8 No. Ft. 18," giving the
aggregate value as seventy-three dollars and twenty-
one cents. Following this is a number of items giving
the amount of various kinds of building material, and
the value of each item or group of items. Then appears
the following:

"Foster, Iowa, 3-7, 1895. I, Eli Dyer, duly sworn,
depose and say that I lost the following amount, as
itemized, in a fire January 11, 1895, and which was
insured in policy No. 108,863, given by Des Moines
Insurance Co., of Des Moines, Iowa."

After this there are set out the items of furniture
and goods, such as those covered by the policy, with the
value of each item, and a total of $813.32. The docu-
ment closes as follows:

"I, Eli Dyer, being duly sworn, depose and say that
the above is a true and correct statement of account
against the Des Moines Ins. Co.  Eli Dyer.

"Before me, this seventh day of March, 1895, per-
sonally appeared Eli Dyer, who is personally known to
me as respectable and entitled to credit, and on oath
swears that the above statement is correct, as he verily
believes.  R. Williams, Justice of the Peace."

The certificate and signature of the justice renders
it evident that the statement was verified by Eli Dyer,
and it is probable that his signature was omitted by
oversight; yet the paper cannot be regarded as an affi-
davit. *Crenshaw v. Taylor*, 70 Iowa, 386. Having pre-
vious notice of the loss from Mr. Dyer, appellant's offi-
cers must surely have understood from this writing that
it was intended as proof of Dyer's loss; that the figures
first appearing represented the amount of dimension

lumber in the burned building, and the other parts of
the statement the other material and property lost to
Dyer by the fire. The figures as to values could not
have been understood as representing anything else
than the value of the property destroyed. Thus viewed,
these proofs comply substantially with every require-
ment of the statute and the policy, except as to how the
loss occurred, and in the omission to sign the affidavit.
It appears in evidence, without objection, that, after
receiving notice of the loss, and before these proofs
were made, appellant sent its adjusting agent to the
scene of the loss for the purpose of investigating this
and other losses that occurred by the same fire; that
said agent saw that the loss of appellee's building was
total, and was then informed that the fire originated in
a building some distance from appellee's building, and
was communicated to it through intervening buildings
that were destroyed at the same time. There is no evi-
dence that anything was said to or by the adjusting
agent about proofs of loss. We have seen by
appellant's letter of March 9 that these proofs
were returned to appellee with the statement
that "it contains none of the elements necessary to com-
ply with the policy or statute as to proofs of loss."
Appellee was referred to the policy and statute, with-
out any intimation as to the grounds upon which appel-
lant objected to the sufficiency of his proofs. On March
11, 1895, appellee forwarded further proofs of loss, the
receipt of which was acknowledged March 16; but as
these additional proofs are not set out in the record,
and not relied upon, they will not be further noticed.
The only objections that could fairly have been made to
the proofs received March 8 are that they were not fur-
nished within the thirty days, as required by the policy,
and do not state how the fire originated, and were not
verified by affidavit. We have seen that no objection

was made on the score of time in the answer, and no such objection is insisted upon in argument. We have also seen that no objection was made to the proofs received March 8 on the ground that they were not signed or that they did not state the origin of the fire, and that no particular objection was specified as to those proofs. It is probable that appellee omitted to state the origin of the fire because of the information previously given to appellant's adjuster; but, be that as it may, it is clear that appellant knew, through its adjusting agent, how appellee claimed the fire had originated. In Wood, Insurance, p. 968, it is said: "It seems to be settled beyond dispute that, where there are defects in the proofs of loss, whether formal or substantial, or, indeed, in any respect which could have been supplied if specific or other objections had been made thereto by the underwriters, a failure on their part to object to the proofs upon that ground, or to point out the specific defect, or to call for the information omitted, within a reasonable time, is considered a waiver, however defective, informal or insufficient such proofs may be." In *Young v. Insurance Co.*, 45 Iowa, 378, it is said: "Good faith required that, if proofs were not satisfactory, notice should be given the assured to that effect within, at least, a reasonable time. Objections of this kind are technical, and without substantial merit; and the insurer should make such known with promptitude, to the end that they may be perfected, if possible." In *Green v. Insurance Co.*, 84 Iowa, 135, wherein the *Case of Young* is cited approvingly, this court said as follows: "The plaintiff was authorized to rest upon the presumption that the defendant would act in good faith, and give him such notice if the letter was not regarded as sufficient proof of loss. The defendant was bound to know that the plaintiff would so regard its failure to make objection to

the insufficiency or want of proof. It must, therefore, under the familiar rules upon this subject recognized by this court, be regarded as having waived all objection to the insufficiency or want of proof of loss." Appellant insists that, as the facts of those cases were different from this, the principle does not apply. It is but an application of the familiar doctrine of estoppel. Good faith required in this case, as well as in those, that, upon the receipt of the proofs of loss, if appellant was not satisfied therewith, it should have specified its objections thereto, to the end that they might have been perfected, if possible. Appellant having failed to specify the objections now urged to the proofs of loss at a time when they might have been remedied, it should not now be heard to urge those objections.

It is further urged by appellant that the recovery is too large, and that the judgment should not have been for more than five hundred dollars. We think the evidence as to the value of the property destroyed fully sustains the judgment. Our conclusion is that the decree of the district court should be AFFIRMED.