GEORGE B. ADAMS, Appellee, v. ATLAS MUTUAL INSURANCE COMPANY, Appellant.

**Insurance:** POLICY AGREEMENT: INVALIDITY.    The right to contract with respect to insurance is subject to legislative restriction; so that a provision in a policy making the insured agree that any removal of the property is *per se* an increase of the hazard within the meaning of Code, Section 1743, is void.

**Removal of property:** INCREASED HAZARD: BURDEN OF PROOF.    While an insured is required to show that a removal of property to another location did not contribute to the loss, yet the question of increased risk thereby is a matter of defense, which the insurance company has the burden of establishing.

**Increased hazard:** EVIDENCE.    The opinion of an expert as to an increased hazard on account of the removal of insured property to another location, is not conclusive on the subject, but should be considered by the jury in connection with all the other material evidence bearing upon the issue.

**Evidence:** OBJECTION TO COMPETENCY OF WITNESS.    Objection to the competency of an expert witness should be made when he is

first offered, and if withheld until his testimony is largely in, the objection is waived.

*Appeal from Woodbury District Court.*— HON. J. L. KENNEDY, Judge.

WEDNESDAY, JULY 3, 1907.

ACTION at law upon a fire insurance policy. Judgment for plaintiff, and defendant appeals.— *Affirmed.*

*Berryhill & Henry,* for appellant.

*Fred W. Sargent* and *Wright & Call,* for appellee.

WEAVER, C. J.— The question presented by this appeal is whether at the date of the loss plaintiff's policy had been forfeited by a removal of the insured goods. The policy, as issued, insured the plaintiff upon a stock of goods kept in a building at No, 521 Fourth street, Sioux City, Iowa, and provided that, unless permission therefor signed by the secretary of the company should be indorsed upon or attached to the policy, a removal of the property from the place where it was insured should render the policy void. It also provided that, by the acceptance of said policy, the insured party agreed that a removal of the property from the building where it was insured should he held to create " an increased hazard within the meaning of section 1743 of the Code of Iowa," a statute to which we shall later make reference. After the policy was issued, the plaintiff applied to the company and received its consent to the removal of the goods to No. 313 Nebraska street, but the removal was in fact made to No. 312 of that street. This confusion arose by the mistake of the plaintiff in giving the wrong number in his application for the consent. While in the latter place and during the term named in the policy, the goods were burned in the fire which destroyed a large part of the business district of Sioux City on December 23, 1904. Plaintiff concedes

that he had no written consent from the company to remove the goods to No. 312 Nebraska street, but avers that in the latter location the risk of loss by fire was not more hazardous than it would have been either at 514 Fourth street or 313 Nebraska street.

I.   Code, section 1743, provides, among other things, that any condition or stipulation in a policy of insurance making it void before loss occurs shall not prevent recovery thereon by the insured, if it shall be shown by the plaintiff that the failure to observe such provisions did not contribute to the loss; provided, however, that any condition or stipulation referring to the removal of the property insured without the consent of the company shall not be changed or affected by this provision of the statute if such removal makes the risk more hazardous.   As we have already noted, the policy undertakes to avoid entirely the effect of this statute by making the insured agree that any removal is *per se* an increase of hazard within the meaning of the law here cited.   This we are very clear cannot be done.   The business of insurance is one in which the right to contract has long been held subject to legislative restriction and control.   These statutes are authoritative expressions of public policy, and they are not to be repealed or nullified by the easy expedient of inserting a clause therefor in a policy of insurance.   This proposition is very clearly and forcibly stated in *Queen Ins. Co. v. Leslie,* 47 Ohio St. 409 (24 N. E. 1072, 9 L. R. A. 45), where the authorities are cited and discussed.   See, also, *M. Ins. Co. v. Russell,* 65 Ohio St. 230 (62 N. E. 338, 56 L. R. A. 159); *Moody v. Ins. Co.,* 52 Ohio St. 12 (38 N. E. 1011, 26 L. R. A. 313, 49 Am. St. Rep. 699); *Havens v. Ins. Co.,* 123 Mo. 403 (27 S. W. 718, 26 L. R. A. 107, 45 Am. St. Rep. 570).

II.   Appellant contends for the proposition that under this statute the burden is upon the plaintiff to establish the fact that the removal of the goods did not render the risk

more hazardous, and that plaintiff failed to affirmatively establish such ·fact; but we think this is not the

2. REMOVAL OF PROPERTY: increased hazard: burden of proof.

effect of the provisions quoted. The insured is expressly required to show that such change did not cause or contribute to the loss, but this measures the extent of the obligation which the statute casts upon him. Having shown that fact to the satisfaction of the jury, he is entitled to recover, unless it be made to appear that the risk had been increased by the removal, thereby bringing the case within the proviso or exception to which reference has been made. In other words, an increased risk, if any, is a matter of defense, and as such it must be pleaded and proved by the insurer. *Greenlee v. Ins. Co.,* 102 Iowa, 432; Wood on Insurance, section 260; *Moody v. Ins. Co.,* 52 Ohio St: 12 (38 N. E. 1011, 26 L. R. A. 313, 49 Am. St. Rep. 699). Counsel cite us to no authority to the contrary.

III. The defendant called its secretary as a witness in its own behalf, and by him identified a list or schedule of " Rates for fire insurance in different places in Iowa." The

3. INCREASED HAZARD: evidence.

rates are mentioned as the " Bennett rates," and the schedule is described as " being.made up from the experience of insurance companies to which Mr. Bennett has access." These rates the witness says are used by a majority of the insurance companies in Iowa. The companies are not bound by them, but they are accepted as advisory. So far as the abstract discloses, the schedule was not offered in evidence. Bennett, the compiler of these rates, did not testify. Aside from the identification of this list and the statements made by the secretary, no evidence whatever was offered on part of the defendant concerning the risk of loss by fire at 312 Nebraska street as compared with the other locations in question. In other words, we are furnished by hearsay with the unsworn estimate of Mr. Bennett as to the relative rates which should be charged upon property at these several locations, and, even

if we concede its competency and admissibility as the opinion of an expert, we are unable to see upon what ground to uphold counsel's claim that the increased risk has been conclusively established.  One swallow does not make a summer, and the opinion of one expert, however eminent in his profession, cannot be said as a matter of law to establish an affirmative defense.  Whether there was any such increase was primarily a question of fact, to be determined by the jury,. not only from expert opinion, but from a consideration of all the material facts developed on the trial, such, for instance, as the location of the several buildings, the material of which they were constructed, the nature, size and number of other buildings in the vicinity, the facilities for extinguishing fire, and the numerous other things having a reasonable tendency to show their relative exposure to fire and the chances of loss therefrom.  These matters were all before the jury, and, if in view of the entire case as made by both parties it came to the conclusion that there was in fact no increase of hazard by the removal of the goods we cannot say, the finding is without sufficient support.

Objection is urged that a witness for plaintiff was permitted to testify as to comparative fire risks without showing his competency as an expert.  The witness had said that he had been doing business as a fire insurance agent for fifteen years, and no objection was made to his competency until after much of his expert testimony had been given. Under such circumstances, even if the preliminary showing of competency had been insufficient, which we do not feel called upon to decide, we think the objection was waived.

4. EVIDENCE: objection to competency of expert witness.

We find no reversible error in the record, and the judgment of the trial court is *affirmed.* .