E. C. WINSOR & SON, Appellees, v. THE MUTUAL FIRE & TORNADO ASSOCIATION, Appellant.

**APPEAL AND ERROR:** Assignment of Error—Failure to Argue—
1 **Waiver.** Waiver is the penalty for failure to argue an assignment of error.

**INSURANCE:** Removal of Property from State—Effect—Mutual Policy. A policy of insurance issued by a mutual insurance company, organized under the laws of Iowa, on property situated in Iowa, is not rendered invalid because, in the ordinary use of the property, it is temporarily removed to another state where loss occurs, no provision to the contrary appearing in the statutes, by-laws or policy.

**INSURANCE:** Location of Property—Removal During Ordinary Use—Loss. Insurance on personal property follows and attaches thereto wherever it goes in the ordinary and usual use of such property, unless the policy otherwise expressly or impliedly restricts the locality of the loss.

PRINCIPLE APPLIED: The insured, at all times, resided at Laurens, Pocahontas County, Iowa, and was engaged in excavating drainage ditches wherever he might secure contracts. The policy in question covered twenty horses used in the business, which horses, when the policy was issued, were employed, with the knowledge of the insurer, on a ditch in Buena Vista County, Iowa. The insurer admitted that he knew the horses were to be used in different parts of Iowa, but denied knowledge of their contemplated use outside of Iowa. The insured took the horses temporarily to Missouri in the prosecution of his regular business, and loss there occurred. The policy did not expressly or impliedly restrict the locality of the loss. *Held*, the loss was collectible.

**INSURANCE:** Location of Property—Policy Issued Under Anticipated Removal—Loss—Estoppel. Notice and knowledge to the insurer at the time of the issuance of a policy of insurance that the property might, in its ordinary use, be removed temporarily to another state, followed by the acceptance of premiums, precludes the insurer from insisting on the invalidity of the policy by reason of such removal.

**INSURANCE:** Mortgage Incumbrance—Knowledge of Insurer—Levying Assessments—Estoppel. An insurance company issuing a policy and demanding and receiving assessments thereon, all with knowledge of the existence of a mortgage on the property, will not be permitted to question the validity of the policy by reason of such mortgage.

**INSURANCE:** Mortgage on Insured Property—Knowledge of Insurer—New Mortgage for Balance of Same Debt. A policy of insurance issued with knowledge of an existing mortgage on the

property is not rendered invalid by the subsequent execution of a new mortgage for a remaining balance of the same old debt.

**INSURANCE:** Increasing Hazard—Act Not Violative of Policy— Burden of Proof. If the insured does some act *not violative* of the policy, the burden of proof is on the insurer to show that the hazard was increased. If the insured does something *violative* of the policy, the burden of proof is on him, the insured, to show that the hazard was not increased.

PRINCIPLE APPLIED: A policy contained no provision against removing the property from the state. In the course of its ordinary use, it was so removed and loss there occurred. *Held,* the insured was under no obligation to show that the hazard was *not* increased.

*Appeal from Buena Vista District Court.*—HON. D. F. COYLE, Judge.

FRIDAY, JUNE 18, 1915.

ACTION at law upon an insurance policy indemnifying the plaintiff against loss or injury to certain property by lightning. Verdict and judgment for plaintiff and defendant appeals.—*Affirmed.*

*Ed P. Malmberg* and *Bailie & Edson,* for appellant.

*F. C. Gilchrist* and *Faville & Whitney,* for appellee.

WEAVER, J.—On May 20, 1909, the defendant association issued its policy to the plaintiffs, insuring them against loss or damage by fire, lightning, tornadoes, cyclones and windstorms for the period of five years, to the amount of $2,000 upon the horses and mules of insured party, not to exceed $150 on each animal. The plaintiffs' petition alleges that on April 7, 1913, while said policy was still in force, lightning struck the tent in which the insured animals were then being kept at or near the town of Nyhart in the state of Missouri, killing nine horses and injuring five others, to the loss and injury to plaintiffs in the aggregate sum of $1,600, for which amount a recovery is demanded. In an amendment to the

petition, it is further alleged that, at the time the horses were insured, plaintiffs were engaged in business as contractors in the excavation and construction of drainage ditches and that such has continued to be their business; that they employed their horses in performing such work and kept them in or about a tent near where they were so employed. They aver that, at the time the insurance was taken out, the defendant's agent was informed of the foregoing facts and knew that the horses were then employed upon a job of ditching in Buena Vista county and would thereafter be used by the plaintiffs in doing other work of like character in Iowa and adjoining states; and that defendant consented to such use and knew thereof, and with such notice and knowledge, it has since, from time to time, collected assessments and premiums from plaintiffs in consideration of its policy of insurance.

Answering the petition, defendant admits that plaintiffs reside at Laurens in Pocahontas county, Iowa, admits issuing the policy sued upon and that it has collected and received premiums and assessments thereon. It admits the agency of the person taking the application for insurance and its knowledge that the horses were in Buena Vista county when insured, but denies any knowledge or notice that they were thereafter to be used in any other state than Iowa. For a further answer, it is alleged that the defendant is a mutual association organized under the laws of Iowa and is without power to insure property outside of the state, and if the policy is construed as covering the plaintiffs' horses in Missouri, it is *ultra vires* and void. Still further answering, it is pleaded that, by removal of the horses to Missouri, the hazard of loss and injury was materially increased without notice to the association, and the policy thereby rendered void. By an amendment to the answer, it is further alleged that, in applying for the insurance, plaintiffs falsely represented that the insured property was free from incumbrance, when in fact the horses were then subject to the lien of a chattel

mortgage and that other and additional mortgage liens were thereafter placed upon said property by the plaintiffs without notice to and without the consent of the association, whereby the policy became void.

Replying to the answer, plaintiffs reassert that the policy was issued with notice and direct reference to the fact that the horses were then being used and were thereafter to be used in carrying on the business of Winsor & Son wherever they might obtain contracts in their line of employment, and that, with knowledge of such facts and conditions, the association has continued to recognize the validity of such policy and continued to levy and demand payment of assessments thereon at divers times down to a date since the commencement of this action, and by so doing has waived the right, if any it ever had, to deny its liability on the policy or to defend against plaintiffs' demand for payment thereof. They further allege that, at the time the policy was issued, they resided and have ever since had their home at Laurens, in Pocahontas county, Iowa; that their absence and employment in Missouri was temporary only, with the purpose, when their contract there was completed, to return with their horses to their said home in Iowa where their said property was always kept, except when temporarily employed elsewhere. Referring to the charge of false statements in the application for insurance, the reply denies the same and avers that the application was made and the policy issued with knowledge on the part of the association and its agent that there was a chattel mortgage outstanding upon the horses. This mortgage indebtedness, it is alleged, was thereafter largely reduced and the subsequent mortgages mentioned in the answer secured only the unpaid remnant of said indebtedness and served to decrease the hazard and risk created by the original incumbrance. Plaintiff further says that, with knowledge of all these facts, the association has continued to make and collect assessments upon the policy, thereby waiving its right, if any it had, to plead or urge a defense to this action on that

ground.  The reply also pleads that the association did not attach a copy of the application to the policy, as required by law, and cannot, therefore, plead or prove the alleged false representations.  These issues were tried to a jury, which returned a verdict for plaintiff, and from the judgment entered thereon, the defendant appeals.

The appellant submits its case relying upon the following propositions: First, that the removal of the property from Iowa to Missouri increased the risk or hazard to such an extent as to avoid the policy; second, that the association was without any authority to carry any risk outside of the state of Iowa, and therefore the removal of the property to Missouri rendered the insurance void; third, that the policy was rendered void by the incumbrance existing on the property when the contract was made; and fourth, that the policy was in any event rendered void by the giving of a subsequent mortgage.  These points we will consider in the order stated.

I. The point that the taking of the horses to Missouri operated to increase the risk, and thereby avoided the policy,

1. APPEAL AND ERROR: assignment of error: failure to argue: waiver.

though stated in their premises, is not argued by counsel, and we therefore treat it as having been abandoned.  We cannot say, as a matter of law, that the danger of a horse being struck by lightning is any greater in Missouri than in Iowa.  Moreover, as we shall note in a subsequent paragraph, there was no burden on plaintiffs to negative an increase of risk.

II. The defense most thoroughly argued and relied upon seems to be that the association is one organized under the

2. INSURANCE: removal of property from state: effect: mutual company policy.

law of this state and is without authority to carry insurance upon property in another state, and that even though the policy sued upon might be enforced had the property remained in this jurisdiction until the loss occurred, it became of no validity when plaintiffs took the horses into Mis-

souri for the temporary purpose of performing a contract there.

In support of this position, we are cited to chapter 5 of title 9 of the Code, and especially to Sec. 1759-n of the Supplement of 1907, and to a section of the by-laws of the association. A reading of the statute develops nowhere any provision expressly limiting the authority of mutual insurance associations in the manner contended for. The by-law relied upon is to the effect that the principal place of business of the association is at Newton in Jasper county, but the territory in which it may effect insurance shall embrace the entire state. This, at the utmost, limits the territory in which insurance may be written; but it by no means follows that a valid policy written in Iowa upon property in Iowa becomes void the moment it crosses the line into another state. The contract was an Iowa contract upon property in Iowa and enforceable in the courts of this state. There is nothing in our insurance act which restricts the authority of the appellant to the insuring of live stock only while it is found or kept on the owner's premises. The association might perhaps have so limited its own liability by an appropriate provision in its contract, but it was not required to do so. Indeed, the insurance of movable property, and especially such as teams employed in a service which may or frequently does take them away from the owner's premises for greater or less periods of time, would be of little value if closely restricted as to location, and few owners would go to the expense of procuring insurance if they understood that their indemnity was of that very incomplete and imperfect character. The well-settled rule in such cases is that, if the policy does not by express or clearly implied terms restrict the insurer's liability to loss occurring upon the owner's premises, the insurance follows and attaches to the property wherever it goes, so long as it is being put to uses such as are usual and ordinary with property of that nature and description; and

3. INSURANCE: location of property: removal during ordinary use: loss.

this is the more emphatically true where the property when insured is, with the knowledge of the insurer, being used and employed in a business which necessitates its being kept for considerable periods of time at places other than the premises of the owner. *Kinney v. Ins. Co.*, 159 Iowa 490; Wood's Insurance (2nd Ed.) 47; *McCluer v. Ins. Co.*, 43 Iowa 349; *Longueville v. Ins. Co.*, 51 Iowa 553; *Mills v. Ins. Co.*, 37 Iowa 400; *Peterson v. Ins. Co.*, 24 Iowa 494; *Lathers v. Ins. Co.*, 135 Wis. 431; *Noyes v. Ins. Co.*, 64 Wis. 415; *Eddy v. Ins. Co.*, 46 N. Y. Supp. 695.

The rule as laid down by Mr. Wood, *supra*, is as follows:

"In the absence of special restriction clothed in clear and unequivocal language, as to the territory within which the property was to be insured, it will be deemed to have been within the contemplation of the parties that the property might be used in the ordinary way, and, considering the nature of the property, that the insurance would continue to attach wherever the same may be while the owner is using his property in the ordinary manner, and for the purposes for which such property is ordinarily held and used."

Even where the policy insures movable property which is described as being in a certain place or upon a certain farm or in a certain building, this court has frequently held that, in the absence of other restrictive words, the description of place is merely a matter of identification of the thing insured, and that its removal from the place for appropriate and temporary use does not affect the indemnity. In the *Peterson case, supra*, where the policy describes the property as being upon a certain section or farm, we said:

"Such limitation would be unreasonable. In effecting this insurance and paying the company for the risk it assumed, it cannot be supposed that the plaintiff was to be deprived, upon peril of forfeiture of his policy, of the ordinary and beneficial use of the property insured."

In the *Longueville case* the property (clothing) was described as "contained in" a certain dwelling, and the loss was incurred upon the public highway at a distance from the dwelling. In holding the company liable, we said that the reference to the dwelling was a matter of "description of the property insured, indicating the place of deposit when not in ordinary use. The character of the property insured must be considered in determining the true construction of the policy."

In the very recent case of *Kinney v. Ins. Co.*, 159 Iowa 490, 494, the live stock insured had been removed from the place described in the policy for the temporary purpose of pasturage at another place, and there the loss occurred. The articles of the association in that case expressly restricted its authority to "the insurance of live stock while on the farm in the possession or employ of the owner or his tenants"; yet we held, after a review of the authorities, that this provision is "for the purpose only of identifying the property covered by the policy. There is no provision in the policy that the property insured shall not be removed from the premises during the continuance of the policy, and no provision that removal from the premises will render the policy inoperative." We further said, in that connection, "from the very nature of the property, it was apparent that it was not contemplated by either party to the contract that the property should remain permanently on the place designated in the policy."

In the *McCluer case, supra,* the insurance was upon a horse and carriage "contained in" a certain barn and it was held that this amounted to no more than a statement that the "carriage when not in use was kept in the barn described as the ordinary place of deposit," and that the presumption is that property of that nature is "in use and that the policy is issued with reference to such use."

In this case, neither the agent nor the association could reasonably suppose or assume that the plaintiffs were owning

and keeping twenty horses to be retained permanently or continually in the town of Laurens. Indeed, it is admitted that, at the very moment when the insurance was taken, the horses were in another county; that they were being used in the performance of a ditching contract; and that the agent was expressly informed that the same kind of work was to be carried on in other places. His only denial in this respect is that anything was said about the possibility of plaintiffs' doing such work in another state. Upon these admissions of fact and under the rule of the cited cases, it must be held that the policy in suit was issued with reference to the ordinary use or work in which the property was being employed, and that the moving of the horses from place to place in pursuit of such employment was not a violation of any express or implied term of the contract. Certainly this is true as long as plaintiffs retained their home or domicile at Laurens, returning there and keeping the horses there whenever not temporarily engaged elsewhere in their line of work.

'No other serious question arises upon this branch of the case, except upon the objection raised by the defendant that the taking of the horses into Missouri operated of itself to forfeit the insurance. No provision of the statute or of the articles or by-laws of the association or of the policy itself inhibits the taking of insured movable property temporarily into another state. Granting that the defendant's authority to do insurance business was limited to this state, the issuance of this policy was strictly within its power. The making of the contract, as we have already noted, was in all respects an Iowa transaction, and the insurance is

4. INSURANCE: location of property: policy issued under anticipated removal: loss: estoppel.

made none the less Iowa insurance because we hold that the indemnity so provided attached to and followed the property in a temporary excursion across the state line. Moreover, the evidence in this case would justify the finding that express notice was given the agent at the time that the plaintiffs' work was liable to extend at times into other states,

and the policy was issued with that knowledge. That an association doing business in a restricted territory may consent to the removal of the insured property beyond the limits of such territory without forfeiting the indemnity has recently been decided: *Kesler v. Association*, 160 Iowa 374. So also in *Marden v. Ins. Co.*, 85 Iowa 584, an Iowa insurance company having no authority to do business in Nebraska issued a policy upon property situated in the latter state. Loss having occurred, the company was held liable on the theory that, although the property was in Nebraska, the contract was made in Iowa to be performed in that state, and the fact that the company was prohibited from doing business in Nebraska was no defense to an action brought in this state to recover the indemnity. The act of the plaintiffs in taking the horses temporarily to Missouri was a lawful one; it was not prohibited by any stipulation of the contract and cannot be held to affect the liability of the defendant.

The conclusions stated in this paragraph are not in the least inconsistent with the decisions of this court cited by the defendant. In *Lakings v. Ins. Co.*, 94 Iowa 476, which is largely relied upon by counsel, the court expressly reaffirms the doctrine of the Peterson and other cases which we now follow, but did not there apply it for the very sufficient reason that the policy there in suit in express words insured the property "while on the premises only." In *Dryer v. Ins. Co.*, 94 Iowa 471, the language of the policy is not quoted, but it was taken as conceded that it covered the property "only when on the premises described." But even there it was held that if the soliciting agent, knowing that the owner desired insurance which would permit the property to be moved, filled out the application for a policy of restricted insurance only, without the applicant's knowledge or consent, the company might be estopped to deny liability.

Whatever may be said as to decisions by the courts of a few other states on the question here discussed, this court is thoroughly committed to the rule which we here apply,

and its essential justice is too apparent for controversy. The policy sued upon is not void for want of authority to issue it, nor was the insurance forfeited by the removal of the property from place to place in the usual course of the owner's business.

The situation is not rendered any stronger for the defense by the provision of the by-laws that, when the property shall be removed from the building in which it was originally insured, consent may be obtained therefor from the secretary, or by the further advice to the policy holders that "when you sell your property or change your location or post office, the secretary should be notified at once." The property was not originally insured in a building and there was no change of the owner's location or post-office address. The home of the parties at all times remained at Laurens, where they regularly returned and kept the horses when their contract work was completed.

III. The jury were also justified in finding that the insurance was granted with express notice of the existence of a mortgage which covered the horses and the rest of the

5. INSURANCE: mortgage incumbrance: knowledge of insurer: levying assessments: estoppel.

owner's outfit for their special work. They were also justified in finding that the subsequent mortgages were given in renewal of an unpaid balance of the same mortgage debt without any increase of the burden of incumbrance. Having with such notice issued the policy, and having thereafter repeatedly acknowledged its validity by making and collecting assessments thereon, the defendant will not be

6. INSURANCE: mortgage on insured property: knowledge of insurer: new mortgage for balance of same debt.

allowed to make such incumbrance a shield against liability for the loss. There is no dispute upon the further fact that the mortgage debt was paid in part before the loss and that the subsequent mortgages secured only the same debt as thus reduced. The burden of proving these alleged facts was by the court placed upon the plaintiffs, and the jury have found the issue in

their favor and the verdict must be sustained. Supporting this conclusion, see *Greenlee v. Ins. Co.,* 102 Iowa 427, 432; Wood on Insurance, (2nd Ed.) Sec. 245; *Collins v. Mutual Co.,* 95 Iowa 540, 543; *McKibban v. Ins. Co.,* 114 Iowa 41; *Kister v. Ins. Co.,* 128 Pa. 553; *Mowry v. Ins. Co.,* 64 Hun 137; *Farmers Ins. Co. v. Newman,* 78 N. W. (Neb.) 933.

IV. It is argued that there is a burden upon plaintiffs to show that the taking of the horses into Missouri did not increase the hazard of loss. Such is not the rule. It is true

7. INSURANCE: increasing hazard: act not violative of policy: burden of proof.

that, under our statute and decisions, the burden is on the insured person who has violated any of the terms or conditions of the contract to show that such act or omission did not contribute to the loss; but it is well settled that a defense based upon an increase of hazard is an affirmative one, and the burden of proof is on the insurer to prove the increase and not upon the insured to negative it. Code, Sec. 1743; *Adams v. Ins. Co.,* 135 Iowa 299; *Greenlee v. Ins. Co.,* 102 Iowa 427, 432; *Kinney v. Ins. Co.,* 159 Iowa 490, 497.

As we hold that plaintiff did not violate any provisions of the contract by the use he made of the horses, he was under no burden to negative an increase of risk.

V. No objections to the instructions given by the court or to the rulings upon the admission of evidence have been argued by counsel and it is quite doubtful whether, taking the charge to the jury to be the law of the case, as in strictness we ought, some of the main questions we have discussed are properly before us. We have chosen, however, to consider the case upon its merits and find them to fairly sustain the judgment below.

In so far as the record is undisputed, it discloses no reason why the defendant should not perform its contract of insurance, and in so far as there is any conflict in the testimony, the finding of the jury in plaintiffs' favor is conclusive

upon the court. No reason appears for interfering with the judgment of the district court and it is—*Affirmed.*

DEEMER, C. J., EVANS and PRESTON, JJ., concur.