MATTIE A. JACK et al., Appellees, v. FARM PROPERTY MUTUAL INSURANCE ASSOCIATION OF IOWA, Appellant.

FEBRUARY 7, 1928.

REHEARING DENIED MAY 11, 1928.

*George Wambach* and *Robert R. McBeth*, for appellant.

*Newbold & Newbold* and *James P. Starr*, for appellees.

FAVILLE, J.—One C. A. Carter was the owner of certain real estate in Van Buren County. On November 2, 1918, Carter made application for an insurance policy in the appellant company in the sum of $1,000. The application was accepted, and the policy issued November 21, 1918. Carter died July 19, 1922, testate. By the terms of his will, the real estate in controversy passed to his

widow, Martha, who died testate on December 25, 1922. By her will she devised the real estate in question to her daughter, Mattie A. Jack. George L. Jack, the husband of said Mattie, was duly appointed executor of the estate of C. A. Carter, and also executor of the estate of Martha. On December 7, 1922, Jack, as executor of the estate of C. A. Carter, made application for additional insurance upon the property in question in the sum of $1,000. This was issued in the form of an addition to the original policy issued to Carter. On October 25, 1923, the dwelling house covered by said policy and the addition thereto was totally destroyed. This action is to recover the amount claimed to be due under the original policy and the addition thereto.

I. It is contended that Jack, as executor of the will of C. A. Carter, had no insurable interest in the property, and therefore the additional insurance of $1,000 which was obtained by him as such executor was void. The appellant invokes the familiar rule that an insurable interest in the property is neces- sary to the validity of a contract of insurance. The policy in question provides that it is to be void "if the interest of the insured be other than unconditional and sole ownership." To this contention of the appellant's the appellees plead estoppel and waiver. The application for the additional insurance re- cited that it was the "application of C. A. Carter Est. of Ben- tonsport, county of Van Buren, Iowa, to the Farm Property Mutual Insurance Association of Iowa, for additional insurance to be added to and made a part of my policy No. 21046, issued by your association." The application is signed "G. L. Jack, Admr. C. A. Carter Est., Applicant." It clearly appears that the appellant, not only by virtue of said application, but by the facts known to the agent who solicited the same, was fully ad- vised of the fact of the death of the original insured, and that the application was made by Jack, as executor (administrator) of the estate of said Carter. The additional policy of insurance was issued in the name of G. L. Jack, administrator of the C. A. Carter estate. Thereafter the association received payments of assessments on said policy. Since the association had been truth- fully and correctly informed in regard to the facts respecting the title, and had issued its policy with knowledge of said facts, the case presented a case of waiver and estoppel, and the policy

was not rendered invalid by reason of the fact that the insured was not the "sole and unconditional owner of the premises." *Wisdom v. Farm Property Mut. Ins. Assn.*, 199 Iowa 408; *Funk v. Anchor Fire Ins. Co.*, 171 Iowa 331; *Norem v. Iowa Imp. Mut. Ins. Assn.*, 196 Iowa 983. See, also, *Terry v. American Ins. Co.*, 202 Iowa 1291.

II. It is contended that the appellees failed to furnish any proof of loss, as required by the by-laws of the appellant company and the statute. Sections 8978, 8979, and 8986, Code of 1924, provide that notice and proof of loss must be filed within sixty days from the time the loss occurred, and the by-laws of the appellant company contain a similar provision.

On October 27, 1923, the agent of the appellant wrote the appellant, informing it that the property insured under policy No. 21046, C. A. Carter, had been destroyed by fire the preceding night, and that it was a total loss. On November 28, 1923, Mattie A. Jack, the devisee under the will of Martha, wrote the appellant, advising it of the fire, and making complaint that nothing had been heard in regard to a settlement for the loss. This letter was replied to by the president of the appellant company on November 30, 1923, acknowledging receipt of the letter, and stating that "proof of loss has never been filed, and until this is done we can do nothing." On December 16, 1923, Mattie Jack again wrote appellant, referring to her former letter, and stating the date of the fire, that the loss was a total loss, and informing the appellant that it had sent an adjuster, who had settled promptly and satisfactorily for the personal property destroyed, but that the loss to the building had not been adjusted. This letter was replied to on December 20, 1923, by the president of the appellant company, in which he stated that the appellant did "not know who the executor of the estate is, or whether the estate has been settled, and what interest you may have in the property," and also stating that "no claim of loss so far has been filed." On December 27, 1923, Jack called at the office of the appellant company in Des Moines. He was informed by the president of the company that it was too late to file proof of loss, but at the time the president furnished Jack with a blank proof of loss, which was filled out and delivered to the president of the company, who promised Jack to

submit the same to the company's attorney, stating that it was a legal question as to whether being late two days in filing proof of loss would make any difference. Subsequently, the attorney wrote Jack in regard to the matter.

Upon the entire record in regard to the matter of proof of loss, we are constrained to hold that formal proof was waived by the appellant. In *Mickey v. Burlington Ins. Co.*, 35 Iowa 174, we considered a somewhat similar situation, where proof of loss was filed too late, and the same was taken by the company under advisement, and we said:

"It was competent for defendant to waive the required promptness in the proof of loss, and if proof was afterward submitted which it promised to consider, agreeing to notify plaintiff of the result thereof, this action would estop it from pleading the delay, either in making the proof or commencing the suit. The assured could well rely upon the good faith of defendant in respect to these agreements, and govern his actions accordingly."

In *Dyer v. Des Moines Ins. Co.*, 103 Iowa 524, we said:

"Good faith required in this case * * * that, upon the receipt of the proofs of loss, if appellant was not satisfied therewith, it should have specified its objections thereto, to the end that they might have been perfected, if possible. Appellant having failed to specify the objections now urged to the proofs of loss at a time when they might have been remedied, it should not now be heard to urge those objections."

See, also, *Nicholas v. Iowa Merch. Mut. Ins. Co.*, 125 Iowa 262; *Pringle v. Des Moines Ins. Co.*, 107 Iowa 742.

Upon the record in this case, and under the well established rules of law, we think it must be held that the appellant waived formal proof of loss. It had full and complete notice of the fact of the fire and the character of the loss, not only by letter from its own agent, but from Mattie Jack, and sent its adjuster, who was fully advised of the loss. It made no requirements in its correspondence as to the character of proof of loss which it required, and the conduct of its president in accepting the formal proof of loss when executed and delivered to him by the executor, together with all the other facts and circumstances, is sufficient to sustain a finding of a waiver on the part of the ap-

pellant of formal proof of loss, and to estop it from insisting that such proof of loss was not furnished.

III. It is contended that the execution of a mortgage on the real estate by Mattie Jack, the beneficiary under the will, vitiated the policy. The by-laws of the company provide that, unless written permission is obtained, the association shall not be liable under the policy "if there be a lien or incumbrance thereon created by the voluntary act of the insured and within his control." The mortgage in question was given by Mattie Jack, the devisee of the real estate, and the undisputed evidence shows it was given for the amount of valid claims against said estate, and for the sole purpose of paying such claims which were liens against said property. There was no increase whatever in the hazard, but the mere shifting of the form of security from claims against the property in the hands of the executor to the same amount represented in the form of a mortgage executed by the beneficiary. Under such circumstances, there was no increase in the hazard, and no such change in the situation as vitiated the policy. *State Central Sav. Bank v. St. Paul Fire & Mar. Ins. Co.*, 184 Iowa 290; *Winsor & Son v. Mutual Fire & Tornado Assn.*, 170 Iowa 521, 533; *Weigen v. Council Bluffs Ins. Co.*, 104 Iowa 410; *Greenlee v. North British Merc. Ins. Co.*, 102 Iowa 427.

IV. The policy described the property as that of C. A. Carter, and that the buildings were located on the northwest quarter of Section 35, Township 69 north, Range 9. This was an incorrect description of the real estate. The land that Carter owned was partly in the northeast quarter and partly in the southeast quarter of said Section 35, and the house which was insured was on said property, and was the only house owned by said insured. It was a clear case of mutual mistake of the parties as to the technical description of the real estate upon which the buildings were located. The evidence was ample to justify the court in reforming the policy of insurance in this regard. That a policy of insurance may be so reformed in a proper case is well established. *Den Hartog v. Home Mutual Ins. Assn.*, 197 Iowa 143; *Norem v. Iowa Imp. Mut. Ins. Assn.*, 196 Iowa 983; *Salmon v. Farm Property Mut. Ins. Assn.*, 168

Iowa 521; *Fitchner & Co. v. Fidelity Mut. Fire Ins. Assn.*, 103 Iowa 276; *Carey v. Home Ins. Co.*, 97 Iowa 619.

We find no error in any of the matters urged by the appellant which would require a reversal of the trial court, and the decree appealed from must be, and it is,—*Affirmed.*

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.